

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-3-2008

# USA v. Harper

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4369

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"USA v. Harper" (2008). *2008 Decisions*. Paper 164.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/164

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4369
_____

UNITED STATES OF AMERICA,

vs.

MARCEL HARPER
a/k/a Miz
a/k/a Mike Harper,

*Appellant*

_____

Appeal from the United States
District Court for the Eastern District of Pennsylvania
(No. 2:05-CR-00170-JP-02)
District Court Judge: Honorable John R. Padova

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 21, 2008

_____

Before: FUENTES, HARDIMAN and GARTH, *Circuit Judges*,
(Opinion Filed: December 3, 2008)

_____

**OPINION**
_____

GARTH, *Circuit Judge*:

Appellant Marcel Harper ("Harper") was indicted for conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; armed bank robbery and aiding and abetting armed bank robbery of Artisans Bank in Wilmington, Delaware, in violation of 18 U.S.C. §§ 2113(d) & 2; use and carrying, and aiding and abetting use and carrying, of a firearm in connection with a crime of violence for the Artisans Bank robbery in violation of 18 U.S.C. §§ 924(c) & 2; armed bank robbery and aiding and abetting armed bank robbery of Citizens Bank in Brookhaven, Pennsylvania, in violation of 18 U.S.C. §§ 2113(d) & 2; and use and carrying and aiding and abetting use and carrying of a firearm in connection with a crime of violence for the Citizens Bank robbery in violation of 18 U.S.C. §§ 924(c) & 2.

On April 14, 2004, Harper's cohorts, Ronnie Muir, Jerlyle Sowell, and Burnie Tindale, robbed the Artisans Bank, stealing over $46,000. On June 15, 2004, Tindale, Sowell, and Christopher Booker robbed the Citizens Bank, stealing just under $53,000. Harper was not present at either robbery. The robberies were planned by the defendants, who cased the banks under the pretense of obtaining information about accounts or collecting coin wrappers. They created diagrams of the layouts of the banks and held "dress rehearsals" of the robberies.

Tindale assembled the robbery crew and Harper's role was that of teacher. He instructed his associates on bank robbery techniques and assisted in the selection and the casing of the banks to be robbed. The defendants testified that Harper directed them to

-2-

use stolen cars to commit the robberies and to switch to a "clean" getaway car. Harper also taught the other three defendants that the robbery should be a three-man job, where one man controls the counter and gains access to the vault, one controls the room, and a third guards the door. Harper stressed the use of firearms.

At trial, Tindale, Sowell, and Muir testified against Harper. On March 9, 2007, the jury found Harper guilty of all charges, and on November 14, 2007, the District Court sentenced Harper to a total of 424 months in prison: 40 months imprisonment to run concurrently on two counts of armed bank robbery and one count of conspiracy to commit armed bank robbery; 84 months to run consecutively after the 40-month sentence for using and carrying a firearm during the Artisans Bank robbery; and 300 months on the second firearm count also to run consecutively. Judgment was entered on November 16, 2007. Harper timely appealed this judgment.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 3742.

I.

We review post-verdict motions for judgment of acquittal de novo and "[o]ur standard . . . is the same as that which the trial court applied. We must view the evidence in the light most favorable to the jury verdict and presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences. 'The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.'" United States v. Iafelice, 978 F.2d 92, 94 (3d Cir.

1992)(internal citations omitted).

## A.

"The three elements of a Section 371 conspiracy are: 1) the existence of an agreement, 2) an overt act by one of the conspirators in furtherance of the objective, and 3) an intent on the part of the conspirators to agree . . . ." United States v. Rankin, 870 F.2d 109, 113 (3d Cir. 1989).

### 1.

Harper argues that his "absence of participation" in the Artisans Bank robbery warrants acquittal. Viewing the evidence in favor of the government, we hold that there was sufficient evidence for the jury to find Harper guilty of conspiracy to rob the Artisans Bank. The testimony of Tindale, Sowell, and Muir discloses that Harper helped plan the robbery, helped to choose the bank and case it, created a diagram of the bank, taught the men how to effectively rob a bank and properly use firearms, participated in dress rehearsals, and took a large cut of the proceeds. The jury had sufficient evidence to find the elements of agreement, overt act, and intent through unity of purpose. See United States v. Kapp, 781 F.2d 1008 (3d Cir. 1986).

### 2.

Harper argues that the other robbers took the lead on the second robbery and that he "dropped out of" the conspiracy. Alternatively, Harper claims that he had no knowledge of the illegal objective of the conspiracy. Viewing the evidence in the light

most favorable to the government, we hold that there was more than sufficient evidence for the jury to find Harper guilty of conspiracy to rob the Citizens Bank.

Harper's associates testified that, while Harper did not participate after the initial planning stages, he did help to find and case the Citizens Bank and created a diagram of the bank. After the men executed the robbery the same way as before, money was set aside for Harper.[1] There was sufficient evidence to find agreement, overt act, intent to agree, and unity of purpose because Harper was involved in planning, knew the robbery would take place, and understood the illegal objective.

Harper's claim that he had withdrawn from the conspiracy is meritless. "Withdrawal takes more than cessation of criminal activity. 'The defendant must present evidence of some affirmative act of withdrawal on his part, typically either a full confession to the authorities or communication to his co-conspirators that he has abandoned the enterprise and its goals.'" United States v. Kushner, 305 F.3d 194, 198 (3d Cir. 2002)(internal citations omitted). There is no evidence that Harper had withdrawn.

B.

To convict for aiding and abetting, "the government must prove (1) that the substantive crime has been committed, and (2) the defendant knew of the crime and

---

[1] Harper never received this money because Muir ended up taking the share for himself. Tindale told Muir he would give Harper some money later, which he did.

attempted to facilitate it." United States v. Garth, 188 F.3d 99, 113 (3d Cir. 1999).  It is undisputed that the crimes were committed and that Harper had been instrumental in the planning and preparation of both bank robberies.  The jury had before it sufficient evidence to convict Harper.

II.

Harper challenges the sufficiency of the evidence on his aiding and abetting of the firearm offense related to the Citizens Bank robbery.[2]  Viewing the evidence in favor of the government, we must uphold the verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996)(internal citation and quotation marks omitted).

Harper argues that the use of guns in the Citizens Bank robbery cannot be attributed to him because he did not know the robbery's details.  We disagree.

The testimony showed that Harper intended that his co-conspirators use guns during the first robbery, which he helped to plan by, inter alia, giving the men advice on how to use a gun to control the situation.  Harper similarly, although less extensively, helped to plan the second bank robbery.  The jury could reasonably infer that the same advice he gave as to the use of guns during the first robbery would carry over to the Citizens Bank robbery, and that he intended and desired that his confederates use guns to

---

[2]  It is undisputed that the crime of "use and carrying of a firearm in connection with a crime of violence" occurred.

achieve their end.  See United States v. Gordon, 290 F.3d 539, 547-48 (3d Cir. 2002).

III.

Next Harper contends the District Court erred in not striking the allegedly perjured testimony of FBI agent Vito Roselli ("Roselli").  We review the District Court's evidentiary rulings for abuse of discretion.  United States v. Serafini, 233 F.3d 758, 768 n.14 (3d Cir. 2000).

Harper alleges that Roselli perjured himself when Roselli told the Grand Jury that Harper received a large share of the proceeds of the Citizens Bank robbery.  Harper filed a pre-trial motion to dismiss the indictment, and during a hearing on this motion, Roselli admitted that, at the time of his testimony, he knew Harper had not received that money.  Harper contends that Roselli adopted his false statements at trial.

Harper's arguments are meritless.  Harper concedes that the government never even questioned Roselli on direct as to Harper's receipt of Citizens Bank proceeds.  On cross-examination, the record shows that Roselli did, indeed, admit that his testimony before the Grand Jury was incorrect.  Thus, Roselli did not adopt any allegedly perjured statements.  We hold that the District Court did not abuse its discretion in denying Harper's mid-trial motion to strike, and that Harper is not entitled to a new trial.

IV.

Harper next argues that the evidence was insufficient to show that the victim banks were federally insured.  One of the elements of bank robbery that the government must

prove is that the victim bank was FDIC insured. See United States v. Guerrero, 169 F.3d 933, 944 (5th Cir. 1999). We must uphold the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996).

Harper argues that the present-tense testimony of the bank employees only served to prove that the banks are presently FDIC insured, and not that they *were* insured at the time of the robberies.

"[E]xistence of [a] fact is some indication of its probable existence at an earlier time." United States v. Lewis, 260 F.3d 855, 856 (8th Cir. 2001)(internal citation and quotation marks omitted). Indeed, "the jury need not understand this testimony narrowly to mean that the bank was insured only at the time of trial, but that it could reasonably find from this evidence, taken in the context of the witness' complete testimony, that the bank was also insured when the crime occurred." Guerrero, 169 F.3d at 944; see also United States v. Nnanyererugo, 39 F.3d 1205, 1208 (D.C. Cir. 1994); United States v. Sliker, 751 F.2d 477, 484-85 (2d Cir. 1984); United States v. Knop, 701 F.2d 670, 673 (7th Cir. 1983); United States v. Campbell, 616 F.2d 1151, 1153 (9th Cir. 1980); United States v. Safley, 408 F.2d 603, 605 (4th Cir. 1969).

Taken in context of the bank officials' testimony at trial regarding the events on the day of the robbery, a rational trier of fact could have found the testimony to be sufficient that the banks were insured at the time of the robberies.

V.

Harper contends that the District Court erred when, after it ordered a re-reading of the testimony of Muir, a co-defendant, it failed to instruct the jury that it was not to afford special weight to Muir's testimony. When a defendant does not offer a particular jury instruction to be read to the jury, any review of failure to give it is for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993).[3]

The jury requested a re-reading of Muir's testimony regarding the Citizens Bank robbery. All counsel agreed that the jury could hear portions of Muir's direct examination and his entire cross examination. Harper did not request a special instruction at trial, thus we review for plain error.

There was no error. District Courts have "broad discretion in deciding whether to accede to a jury's request for a *reading of testimony*." United States v. Bertoli, 40 F.3d 1384, 1400 (3d Cir. 1994)(internal citation and quotation marks omitted). Here, the District Court acted properly in light of counsels' agreement, and the Court's prior instruction that the jury treat Muir's testimony "with great care and caution" because Muir had entered into a plea bargain. Moreover, no substantial right of Harper was affected given the evidence against him from other witnesses, and the District Court's

---

[3] Plain error requires there to be an error, the error be plain, and the plain error affect substantial rights. Olano, 507 U.S. at 732-34. "[I]n most cases ['affects substantial rights'] means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." Id. at 734.

original charge which cautioned the jury to treat Muir's testimony with care.

VI.

Lastly, Harper challenges the reasonableness of his sentence. We review "the substantive reasonableness of the sentence under an abuse-of-discretion standard." United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008).

Harper does not contend that the District Court misapplied the Guidelines or erred in applying Section 3553(a). His claim of unreasonableness rests upon his arguments contesting the sufficiency of the evidence on the substantive counts. We hold that the evidence was more than sufficient for a reasonable jury to convict Harper on all counts and that his sentence was reasonable.