UNITED STATES of America

v.

Rashon ALEXANDER, a/k/a Boog

**Rashon Alexander, Appellant.**

No. 09–2357.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 1, 2010.

Filed: July 1, 2010.

Jennifer H. Chin, Esq., George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Theodore Sliwinski, Esq., East Brunswick, NJ, for Appellant.

Before: SLOVITER, BARRY and HARDIMAN, Circuit Judges.

OPINION OF THE COURT

HARDIMAN, Circuit Judge.

Pursuant to a written agreement, Rashon Alexander pleaded guilty to one count of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 84 months imprisonment. Alexander appeals his judgment of sentence, contending that the District Court incorrectly computed his criminal history category and imposed a procedurally and substantively unreasonable sentence. We will affirm.

I.

Because we write for the parties, we recount only the essential facts and procedural history.

Consistent with the United States Sentencing Guidelines (USSG), the District Court calculated Alexander's offense level as 21 and his criminal history category as VI, which yielded an advisory Guidelines range of 77 to 96 months imprisonment.[1] On appeal, Alexander claims his criminal history category calculation was incorrect

---

1. Alexander claims the District Court erred by not using the 2006 version of the Guidelines, which was current at the time of his offense.

Because we reach the same conclusion regardless of which version of the Guidelines is

because the District Court did not group together his three prior sentences for possessing a controlled dangerous substance within 1000 feet of school property, in violation of New Jersey law. The District Court assigned three criminal history points to each of these offenses, which accounted for nine of Alexander's 17 criminal history points.

According to USSG § 4A1.2(a)(2), in computing a defendant's criminal history, "[p]rior sentences imposed in related cases are to be treated as one sentence." Application Note 3 to § 4A1.2 elaborates further:

Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

In support of his argument that his three possession sentences should have been grouped as one, Alexander notes that he received a single sentence for all three offenses. Had the District Court grouped Alexander's offenses, it would have reduced his criminal history score to 11, and his criminal history category to V, which would have resulted in an advisory sentencing range of 70 to 87 months. We review *de novo* the District Court's interpretations of the Sentencing Guidelines, *United States v. Pojilenko*, 416 F.3d 243, 246 (3d Cir.2005), but review the District Court's findings of fact only for clear error, *United States v. Wise*, 515 F.3d 207, 217 (3d Cir.2008).

Alexander's argument fails because, as the District Court found, his three posses-

sion offenses were separated by intervening arrests. Alexander committed the first possession offense on January 4, 2000, and was arrested that same day. He was released on bond, but committed the same offense the next day, January 5, and was re-arrested. After being released a second time, he committed the third offense on March 21, 2000. Thus Alexander plainly was "arrested for the first offense prior to committing the second offense," and for the second offense before committing the third. Under Application Note 3, the District Court was not permitted to treat these consolidated sentences as "related." Accordingly, the District Court committed no error when it decided not to group these three offenses.

## II.

Alexander also claims his sentence was procedurally and substantively unreasonable, arguing that the District Court erred by: (1) failing to consider his mitigating circumstances and the factors enumerated in 18 U.S.C. § 3553(a); and (2) refusing to reduce his sentence to reflect those circumstances and factors. As the Government points out, however, Alexander is precluded from raising these arguments by the appellate waiver in his plea agreement. We have previously stated:

We will decline to exercise our jurisdiction to review the merits of [a defendant's] appeal if we conclude (1) that the issues he pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice.

*United States v. Corso*, 549 F.3d 921, 927 (3d Cir.2008). Here, Alexander "agree[d] that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 21 is reason-

---

used, we will assume, *arguendo*, that Alexan-

der is correct in this regard.

able," and "voluntarily waive[d] ... the right to file any appeal ... which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21." [2] Because the District Court found that Alexander's offense level was 21 and sentenced him within the resulting Guidelines range, Alexander's attack on the reasonableness of that sentence falls squarely within the appellate waiver. Alexander attempts neither to impugn the voluntariness of his waiver nor to argue that its enforcement would result in a miscarriage of justice. Accordingly, we will not exercise jurisdiction over this aspect of Alexander's appeal.

For the foregoing reasons, we will affirm Alexander's judgment of sentence.

**2.** The plea agreement does not bar Alexander's challenge to the District Court's calculation of his criminal history category, because both parties expressly reserved the right to appeal that determination. The plea agreement is clear, however, that once Alexander's criminal history category is determined, he may not appeal his sentence if it falls within the range dictated by that category and an offense level of 21. The District Court fully explained this to Alexander at his plea hearing.