**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3385
_____

UNITED STATES OF AMERICA,

v.

DAVID DUPREE,
                                   Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-08-cr-00170-002)
District Judge:  Honorable Yvette Kane

_____

Submitted under Third Circuit LAR 34.1(a)
on October 27, 2011

Before:  FISHER, VANASKIE and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 29, 2012)
_____

O P I N I O N
_____

**ROTH,** <u>Circuit Judge</u>:

David Dupree appeals the District Court's August 9, 2010, judgment of conviction

and sentence.  For the following reasons, we will affirm the judgment and sentence the

District Court imposed.

**I. <u>Background</u>**

The morning of April 15, 2004, Latricia Samuels entered the M&T Bank in Lebanon, Pennsylvania, and asked for mortgage information. After observing the number of people inside the bank, Latricia left to communicate that information to her brother, Ronald Samuels. Shortly thereafter, Ronald and David Dupree, both armed and disguised, entered the bank. One man, who was wearing a yellow parka, jumped over the counter, pointed a gun at the bank employees, and demanded money. As he jumped back over the counter, his sunglasses fell from his head. Meanwhile, the other man pointed his gun at various individuals inside the bank. The two men fled to a car in the alley behind the bank, in which Latricia and Mayra Rodriguez, Ronald's girlfriend, were waiting. Rodriguez drove them away, and the four individuals later divided the approximately $10,418 stolen from the bank.

DNA testing performed on material recovered from the sunglasses subsequently revealed a positive match to Ronald. On April 23, 2008, Dupree and his co-defendants were indicted for armed bank robbery in violation of 18 U.S.C. § 2113 (Count I, against all four defendants), use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count II, against Ronald and Dupree), and conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count III, against all four defendants). Ronald, Latricia, and Rodriguez pled guilty. Dupree was arrested on December 18, 2008, and he entered a plea of not guilty on February 10, 2009.

On November 2, 2009, Dupree proceeded to a jury trial. Latricia and Rodriguez testified against Dupree; Ronald was not called as a witness. To rehabilitate the credibility of Rodriguez and Latricia after impeachment, the prosecution called FBI

2

Special Agent Robert Daniel Craft as a witness. Special Agent Craft testified that he interviewed all three accomplices and that the information they provided was ultimately consistent. After cross and re-cross examination regarding other individuals and bank robberies and upon further re-direct examination, Special Agent Craft testified:

> Q: Did Ronald Samuels ever indicate relative to the M&T Bank that it was anyone other than David Dupree that robbed that bank?
> A: He never did. He was consistent from day one who was with him.
> Q: And is that reflected in that 302?
> A: Yes. Samuels confessed to robbing the M&T Bank in Lebanon, Pennsylvania, on April 15th, 2004. Samuels was with David Dupree, Mayra Rodriguez and Latricia Samuels.

On November 4, 2009, the jury found Dupree guilty of all three counts. On May 18, 2010, the District Court denied Dupree's post-trial motion for judgment of acquittal.

On August 6, 2010, Dupree was sentenced to a total term of imprisonment of 332 months. The District Court determined that Dupree was a Career Offender based on three controlled substance convictions for offenses separated by intervening arrests but for which he was sentenced on the same date. The District Court granted a 28-month variance based on the 188-month sentence received by Ronald.

Dupree appealed.

## II. <u>Discussion</u>

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

### A. Sufficiency of the Evidence

3

For a sufficiency of the evidence claim, we "view the evidence in the light most favorable to the government and must sustain a jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." *United States v. Rosario*, 118 F.3d 160, 163 (3d Cir. 1997) (internal quotations omitted). This places "a very heavy burden" on appellant. *Id.*

### 1. Insured by the FDIC

Dupree was convicted of bank robbery pursuant to 18 U.S.C. § 2113, which provides that "as used in this section the term 'bank' means . . . any bank the deposits of which are insured by the Federal Deposit Insurance Corporation." 18 U.S.C. § 2113(f). Dupree argues the Indictment should be dismissed because the prosecution failed to prove that the bank is insured by the FDIC.

During the trial, however, the prosecutor elicited testimony from the branch manager of M&T Bank:

Q: Ms. Mitchell, is your bank insured?
A: Yes.
Q: Who is it insured by?
A: FDIC, Federal Deposit Insurance Corporation.

Based on that testimony, the jury could reasonably find that the bank was insured by the FDIC when the crime occurred. *See United States v. Harper*, 314 F. App'x 478, 482 (3d Cir. 2008) (explaining that rational jury could find employees' testimony that bank was presently FDIC insured sufficient to find banks were also insured at the time of the robberies).

4

## 2. Accomplice Testimony

Dupree acknowledges that accomplice testimony is "valid" evidence but argues that the testimony of Rodriguez and Latricia was "so inconsistent, confusing, and contradictory" that it could not serve as the sole evidence supporting his conviction. However, as Dupree concedes, "uncorroborated accomplice testimony may constitutionally provide the exclusive basis for a criminal conviction." *United States v. DeLarosa*, 450 F.2d 1057, 1061-62 (3d Cir. 1971).

Although there were inconsistencies, Rodriguez and Latricia testified consistently on critical aspects of the case, including that: Dupree agreed to rob the bank with Ronald and them, Dupree and Ronald ran to the getaway car, Dupree was wearing a black jacket, and all four drove away from the robbery and later split the proceeds. In addition, the District Court instructed the jury about credibility, inconsistent statements, and accomplice testimony. Viewing the evidence in the light most favorable to the government, we find that a reasonable jury could base its verdict on the accomplice testimony of Rodriguez and Latricia.

## B. Statement of Non-Testifying Accomplice

Dupree contends that a *Bruton* violation occurred when the prosecution introduced a hearsay statement of a non-testifying accomplice that implicated him, *i.e.*, when Special Agent Craft testified that Ronald confessed to robbing the bank with Dupree. Because Dupree did not raise the error at trial, we review for plain error. Under that standard, the Court may, in its discretion, correct an error only if the appellant demonstrates that: 1) there is an error, 2) the error is "clear or obvious," 3) the error "affected the appellant's

5

substantial rights," *i.e.*, affected the outcome of the District Court proceedings, and 4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010).

Dupree's argument is inapt because *Bruton* only applies to cases involving joint trials. *See Bruton v. United States*, 391 U.S. 123, 123-24 (1968); *United States v. Mussare*, 405 F.3d 161, 168 (3d Cir. 2005); *United States v. Pinto*, 413 F.2d 727, 729 (3d Cir. 1969) ("The heart of *Bruton* is that if at a joint trial a co-defendant's confession which involves another co-defendant is to be allowed into evidence the latter co-defendant must be allowed his constitutional right of cross-examination secured by the Sixth Amendment Confrontation Clause if he so desires.").

As the government admits, however, the issue raised implicates the Sixth Amendment's Confrontation Clause, which forbids the introduction of testimonial hearsay into evidence at trial unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). In light of the accomplice testimony that was consistent on critical aspects of the case, we conclude that Special Agent Craft's brief and unsolicited testimony regarding Ronald's statement did not seriously affect the fairness, integrity or public reputation of judicial proceedings. The District Court did not, therefore, commit plain error.

### C. Sentencing

Dupree argues that the District Court erred in determining that he was a career offender without considering whether his prior convictions should be "functionally consolidated" under *Buford v. United States*, 532 U.S. 59 (2001). We review the District Court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Grier*, 585 F.3d 138, 141 (3d Cir. 2009). We review the sentence for significant procedural error and substantive reasonableness. *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc).

The parties disagree as to which version of the Guidelines applies, but because we reach the same conclusion regardless of which version is used, we will assume, *arguendo*, that Dupree is correct in this regard. Before the 2007 Amendment, "prior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). Application Note 3 explains that:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that . . . were consolidated for trial or sentencing.

Under *Buford*, convictions are "functionally consolidated" if they were "factually or logically related, and sentencing was joint." *Buford*, 532 U.S. at 61.

Dupree argues that his three prior drug offenses are "related" because they were "functionally consolidated" for sentencing. Although Dupree was sentenced for the offenses on the same day, the offenses were separated by intervening arrests and thus they are not considered "related." The District Court did not err, therefore, in determining that Dupree was a career offender. *See United States v. Alexander*, 385 F.

7

App'x 77, 78 (3d Cir. 2010) (analyzing pre-2007 Guidelines and finding no error in district court's decision not to treat three prior offenses as "related" because they were separated by intervening arrests).

Having concluded that the sentence the District Court imposed is procedurally sound, we will affirm it "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Dupree does not contest the substantive reasonableness of his sentence, and we conclude that the sentence the District Court imposed was within its discretion.

## III. Conclusion

For the foregoing reasons, we will affirm the judgment of conviction and sentence entered by the District Court.

8