**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 21-1067

_____

UNITED STATES OF AMERICA

v.

DAVID DUPREE,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 1:08-cr-00170-002)
District Judge:  Honorable Yvette Kane

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 18, 2021
Before:  MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: May 21, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Dupree, a 44 year-old inmate currently serving his sentence at FCI Otisville, appeals pro se from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2009, Dupree was convicted of armed bank robbery, see 18 U.S.C. § 2113, use of a firearm during a crime of violence, see 18 U.S.C. § 924(c), and conspiracy to commit armed bank robbery, see 18 U.S.C. § 371. He was sentenced as a career offender to 332 months of imprisonment. Dupree appealed and we affirmed. See United States v. Dupree, 472 F. App'x 108, 110 (3d Cir. 2012).

After first unsuccessfully seeking compassionate release from the warden, Dupree filed a pro se motion in the District Court under § 3582(c)(1)(A)(i). (ECF 384.) In that motion, Dupree argued that the District Court should order his immediate release because of the threat posed by COVID-19, because he has syphilis and a seizure disorder, and because he needs to care for his 63 year-old diabetic mother. (Id. at 1.) He asserted that he is "particularly vulnerable" to COVID-19 and that, as a prisoner, "he can't practice social distancing or proper hygiene." (Id. at 7.) The Government opposed the motion, arguing that "Dupree has not established that 'extraordinary and compelling reasons' support a sentence reduction" and that he "has not met his burden to show that a

2

reduction is warranted considering the danger that Dupree would pose to the community and the relevant § 3553(a) factors." (ECF 392, at 12.)

The District Court denied the motion, concluding that Dupree did "not establish[] a diagnosis of any of the medical conditions that the [Centers for Disease Control and Prevention (CDC)] has identified as elevating an individual's risk of serious illness or death if he contracted COVID-19" and that "the risk of exposure at Dupree's facility appears to be minimal." (ECF 394, at 4.) The District Court also held that, even if Dupree had established "extraordinary and compelling reasons" for compassionate release, the § 3553(a) factors weighed against any reduction in his sentence. Dupree appealed (ECF 395), and he has filed a motion for appointment of counsel (Doc. 6) and his opening brief (Doc. 9). The Government has moved for summary affirmance. (Doc. 8.)

We have jurisdiction under 28 U.S.C. § 1291. See United States v. Pawlowski, 967 F.3d 327, 329 n.4 (3d Cir. 2020). We review the District Court's order for abuse of discretion, and thus "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. at 330 (alteration, quotation marks, and citation omitted). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

The District Court did not abuse its discretion in denying Dupree's motion. Dupree's concerns about COVID-19 do not make his situation extraordinary or compelling, in part because, according to the CDC, his age and medical conditions do not put him at high risk from the disease. Indeed, Dupree concedes that he "is fortunate enough not currently to suffer from any underlying medical conditions that [are] known to increase the severity of the virus …." Appellant's Br. 4. He maintains, however, that "the mere fact of his confinement in a Correctional Institution exacerbates the likelihood that he will catch the virus." Id. But we have held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot

4

independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And Dupree did not contest the District Court's observation that "the risk of exposure at Dupree's facility appears to be minimal: as of today's date, there are three active cases of COVID-19 among inmates and two active cases among staff at FCI-Otisville, with 23 inmates and 14 staff listed as recovered from infection." (ECF 394, at 4.)

Moreover, even if there were an extraordinary and compelling reason for compassionate release, the applicable § 3553(a) factors do not support relief. With respect to the circumstances of the offense, Dupree committed an armed bank robbery, during which he pointed his gun at individuals in the bank. See Dupree, 472 F. App'x at 110; cf. United States v. Lyons, 450 F.3d 834, 836 (8th Cir. 2006) (recognizing violent nature of armed bank robbery). As the District Court explained, he received a below-guidelines sentence that was calculated to address the risk he posed to the public as a career offender.[1] See United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence"). According to the District Court, the sentence was deemed necessary to protect the public, promote respect for the law, and serve the

---

[1] Dupree's career offense status was based on three prior drug offenses. See Dupree, 472

purposes of deterrence and adequate rehabilitation. We find no abuse of discretion in the District Court's assessment of the § 3553(a) factors.

Based on the foregoing, Dupree's challenge to the District Court's order does not present a substantial question. Therefore, we grant the Government's motion for summary affirmance and we will summarily affirm the District Court's order. In light of this disposition, Dupree's motion for appointment of counsel is denied.

F. App'x at 112.