DLD-236                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2318

_____

UNITED STATES OF AMERICA

v.

DAVID DUPREE,
                                   Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-08-cr-00170-002)
District Judge:  Honorable Yvette Kane
_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 8, 2022

Before:  CHAGARES, Chief Judge, KRAUSE, and MATEY, Circuit Judges

(Opinion filed: September 26, 2022)
_____

OPINION*
_____

**PER CURIAM**

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

David Dupree, a 45-year-old inmate currently serving a sentence at FCI Otisville, appeals pro se from the District Court's order denying his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm.

In 2009, Dupree was convicted of armed bank robbery, see 18 U.S.C. § 2113, use of a firearm during a crime of violence, see 18 U.S.C. § 924(c), and conspiracy to commit armed bank robbery, see 18 U.S.C. § 371. He was sentenced as a career offender to 332 months of imprisonment. We affirmed his conviction and sentence on direct appeal, see United States v. Dupree, 472 F. App'x 108, 110 (3d Cir. 2012), and later affirmed the denial of his prior motion for compassionate release, see United States v. Dupree, 852 F. App'x 656 (3d Cir. 2021).

In March 2022, Dupree filed a second motion for compassionate release. He argued that he had presented extraordinary and compelling circumstances warranting his release, namely his having contracted COVID-19 and suffering from various other medical issues. The District Court denied the motion, explaining that it had denied Dupree's previous motion because even if he had presented extraordinary and compelling reasons, the sentencing factors in 18 U.S.C. § 3553(a) counseled against release, and that Dupree had not "persuaded the Court to alter its view." Dist. Ct. Order 3, ECF No. 409. Dupree timely appealed and filed an opening brief. The Government has moved for summary affirmance of the District Court's order.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying the motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

In assessing Dupree's prior motion for compassionate release, the District Court found that he had not made a showing of extraordinary and compelling circumstances warranting release related to the threat of COVID-19, and that, even if he had, the § 3553(a) factors counseled against release. See ECF No. 384 at 3. We affirmed that

3

decision in full, noting in particular that the circumstances of his offense included his pointing a gun at numerous people during a bank robbery, and that the sentence he is serving was calculated below the guidelines and in accordance with the other § 3553(a) factors. See Dupree, 852 F. App'x at 658 (citing, inter alia, United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence")).

Because there has been no relevant, intervening change since his first motion, the District Court did not abuse its discretion in denying this second motion. Dupree did contract COVID-19 in January 2022 but, as the District Court explained, the prior denial ultimately was based on an assessment of the § 3553(a) factors, not the lack of extraordinary and compelling circumstances. Dist. Ct. Order 3, ECF No. 409 ("Dupree is a career offender who received a below-guidelines sentence calculated to address the risk he poses to the public."). Dupree has not presented any argument to prompt "a definite and firm conviction" that the District Court clearly erred in weighing the § 3553(a) factors. Pawlowski, 967 F.3d at 330 (citation omitted).

Accordingly, Dupree's appeal does not present a substantial question, and we will summarily affirm the District Court's order.