**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2384
_____

DEXTER ANTHONY HILLOCKS,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A047-365-390)
Immigration Judge: Walter Durling
_____

Argued: January 10, 2019

Before: AMBRO, BIBAS, and FUENTES, *Circuit Judges*

(Opinion filed: August 12, 2019)

James C. Martin
Reed Smith
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222

Natalie R. Salazar
M. Patrick Yingling          [ARGUED]
Reed Smith
10 South Wacker Drive
40th Floor
Chicago, IL 60606

     *Counsel for Petitioner Dexter Anthony Hillocks*


Benjamin Zeitlin
Gregory A. Pennington, Jr. [ARGUED]
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

     *Counsel for Respondent Attorney General United*
            *States of America*

_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

Petitioner Dexter Anthony Hillocks is a lawful permanent resident who was convicted of the Pennsylvania state crime of using a communication facility—*i.e.*, a phone—to facilitate a felony. The question before us is whether that crime constitutes either an "aggravated felony" or a "conviction relating to a controlled substance" under federal immigration laws. Either would make him removable.

Typically, when deciding whether a particular state crime falls into those categories, the immigration courts look to see if the statute matches the federal definition of a qualifying crime. This is known as the "categorical approach."[1]

In some instances, however, a particular statute is divisible into multiple alternate elements—*i.e.*, facts that a jury must find beyond a reasonable doubt. In that situation, we instead apply the "modified categorical approach." The major difference is that, with the modified approach, courts can look at the records of conviction to see which of the alternatives applied in a particular case; under the broader categorical approach, courts do not look at any court documents at all, and

---

[1] Under our Circuit's current stated precedent, we do not apply the categorical approach to questions of whether a particular crime relates to a controlled substance. However, as explained more fully in this Opinion, we conclude that the Supreme Court has directed us to apply the categorical approach to questions of whether a crime relates to a controlled substance.

instead "presume that the state conviction rested upon the least of the acts criminalized by the statute."[2]

The Board of Immigration Appeals concluded that the modified categorical approach applied to Hillocks's conviction here. Applying that approach, the Board looked to Hillocks's plea colloquy and found that Hillocks used a phone to facilitate the sale of heroin. The Board found that his conviction was therefore both an aggravated felony and related to a controlled substance, and accordingly ordered Hillocks removed.

On appeal, Hillocks argues that the Board misapplied the approach. He asserts that the various felonies that a person could facilitate with a phone are "means" by which the crime could be committed, not alternative elements, and that, under this analysis, his conviction does not make him removable.

As we explain, we agree that the Board incorrectly applied the modified categorical approach. We will vacate the order of removal and remand for further proceedings.

**I.**

Dexter Anthony Hillocks is a native of Trinidad and Tobago. He was admitted into the United States as a lawful permanent resident in 2000. His immediate family lives in the

---

[2] *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017) (internal quotations omitted).

U.S. as American citizens, and he also has a U.S.-born girlfriend living in Pennsylvania.

In 2015, Hillocks pleaded *nolo contendere* to one violation of 18 Pa. C.S. § 7512(a), "criminal use of [a] communication facility." Section 7512(a) provides that:

> A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under [35 P.S. § 780-101 *et seq.*], known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

After serving a prison sentence, Hillocks was released into the custody of Immigration and Customs Enforcement, which placed him in detention. He was charged with removability based on his conviction.

Hillocks, representing himself *pro se* through most of his administrative proceedings, first appeared before an immigration judge in October 2015. His case proceeded along a circuitous path through the administrative system. As relevant here, an immigration judge found that Hillocks's conviction made him removable under both 8 U.S.C. § 1227(a)(2)(A)(iii), as an aggravated felony, and 8 U.S.C. § 1227(a)(2)(B)(i), as a crime relating to a controlled substance. The Board upheld the immigration judge's decision on appeal. When considering whether Hillocks's conviction

5

was an aggravated felony, the Board applied what is known in our Circuit as the "hypothetical federal felony test," through which the Board compares a state drug-related offense to the federal Controlled Substances Act to see if the state crime is analogous to a federal offense.[3]

The first step of this analysis is to apply the aforementioned categorical approach. Here, because § 7512(a) criminalizes the use of a phone to commit another felony, the Board concluded that it had multiple alternative elements, and that each "specific underlying felony is an element of the offense."[4]  Because it found § 7512(a) divisible, the Board applied the modified categorical approach to this crime.

After reviewing Hillocks's plea colloquy, the Board concluded that his conviction related to the sale of heroin.  It further found that this made Hillocks's conviction under § 7512(a) a categorical match with a corresponding federal crime, namely 21 U.S.C. § 843(b).[5]  Section 843(b) makes it a felony to "knowingly or intentionally [] use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a

---

[3] *Evanson v. Att'y Gen.*, 550 F.3d 284, 288-89 (3d Cir. 2012).  The "hypothetical federal felony" test is one of two tests our Circuit uses to assess whether a state drug crime is an aggravated felony, the other being the "illicit trafficking element" test.  *Id.*  The Board concluded that the latter test did not apply in this case, and the issue is not before us on appeal.

[4] JA 8 (internal quotations omitted).

[5] *Id.*

6

felony under [the Controlled Substances Act]." The Board held that Hillocks's conviction was an aggravated felony as defined under 8 U.S.C. § 1101(a)(43)(B), which makes it an aggravated felony to "illicit[ly] traffic[] in a controlled substance . . . including a drug trafficking crime," and also held that his conviction "related to a controlled substance."[6] It therefore upheld Hillocks's order of removal. Hillocks appealed to our Court.[7]

---

[6] The Board made further conclusions, such as that Hillocks was ineligible for relief under the Convention Against Torture and had not sufficiently complied with the requirements for an ineffective assistance of counsel claim. These issues are not before us on appeal and, as we vacate the grounds for Hillocks's removability, moot.

[7] The immigration courts had jurisdiction over Hillocks's removal proceedings under 8 U.S.C. § 1229a. The Board has jurisdiction to review his appeal under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal from the Board. *Borrome v. Att'y Gen.*, 687 F.3d 150, 154 (3d Cir. 2012).

## II.

We review Board decisions on legal questions *de novo*.[8] We do not give *Chevron* deference[9] to the Board's legal determinations as to whether a particular criminal statute is an aggravated felony or related to a controlled substance.[10]

Our immigration laws make individuals removable "based on the nature of their convictions, not based on their actual conduct."[11] When applying the hypothetical federal felony test, as the Board did, we first "'employ a categorical approach by looking to the statute of conviction, rather than to the specific facts underlying the crime.'"[12] This approach asks

---

[8] We review the Board's decision. To the extent the Board affirms and refers to the immigration court's decision, we review that decision as well. *See Yuan v. Att'y Gen.*, 642 F.3d 420, 425 (3d Cir. 2011).

[9] *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 838 (1984).

[10] *Borrome*, 687 F.3d at 154 (rejecting agency deference under *Chevron*).

[11] *Esquivel-Quintana*, 137 S. Ct. at 1567.

[12] *Id.* at 1568 (quoting *Kawashima v. Holder*, 565 U.S. 478, 483 (2012)).

whether the crime "categorically fits within the 'generic' federal definition of a corresponding aggravated felony."[13]

Critically, the categorical approach does not call for the consideration of the facts of a particular case. We "presume that the state conviction 'rested upon the least of the acts' criminalized by the statute, and then we determine whether that conduct would fall within the federal definition of the crime."[14] "[C]ourts ask what elements of a given crime always require— in effect, what is legally necessary for a conviction."[15] This approach has a history in the immigration codes dating back to 1913,[16] and "ordinarily works to promote efficiency, fairness, and predictability in the administration of immigration law."[17]

Courts "modify" this approach where a crime has multiple alternative elements—facts that a prosecutor must prove, and a jury must find, beyond a reasonable doubt.[18] The

---

[13] *Id.* (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)).

[14] *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

[15] *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 n.1 (2018).

[16] Alina Das, *The Immigration Penalties of Criminal Convictions: Resurrecting Categorical Analysis in Immigration law*, 86 N.Y.U. L. Rev. 1669, 1690-1702 (2011).

[17] *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986-87 (2015).

[18] *Descamps v. United States*, 570 U.S. 254, 269-70 (2013); *see Mathis v. United States*, 136 S. Ct. 2243, 2249

9

modified approach allows adjudicators to look into a limited set of documents to see which of the alternatives served as the basis for the individual's conviction.[19] Elements are distinct from means, which are simply different ways an individual can commit an underlying crime, and which do not need to be proven beyond a reasonable doubt at trial. The modified approach "helps implement the categorical approach" when a defendant was convicted of violating a divisible statute.[20] It works "not as an exception, but instead as a tool [that] retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime."[21] "Off limits to the adjudicator . . . is any inquiry into the particular facts of the case."[22]

The modified approach only applies when (1) the statute of conviction has alternative elements, and (2) "at least one" of the alternative divisible categories would, by its elements, be a match with a generic federal crime.[23]

---

(2016) ("A single statute may list elements in the alternative, and thereby define multiple crimes.").

[19] *See Mathis*, 136 S. Ct. at 2249.

[20] *Descamps*, 570 U.S. at 263.

[21] *Id.*

[22] *Mellouli*, 135 S. Ct. at 1986 n.4.

[23] *United States v. Brown*, 765 F.3d 185, 191 (3d Cir. 2014) (quoting *Descamps*, 570 U.S. at 264).

So courts must determine whether the statute's "listed items are [alternative] elements" that need to be found unanimously beyond a reasonable doubt, or are alternative means upon which a jury need not agree to sustain a conviction.[24] For example, in *Mathis v. United States*, the Supreme Court held that a burglary statute involving unlawful entry into "any building, structure, or land, water, or air vehicle" simply listed alternate means, not elements that created separate crimes.[25]

Even if a statute is divisible, the modified categorical approach is only appropriately applied where at least one of the divisions matches a qualifying federal crime.[26] If all the divided categories are still broader than a generic federal crime, then the modified categorical approach simply creates a nesting doll that replicates the original problem instead of resolving it.[27] With this framework in mind, we turn to the particulars of Hillocks's appeal, beginning with the Board's conclusion that his conviction constitutes an aggravated felony.

---

[24] *Mathis*, 136 S. Ct. at 2256.

[25] *Id.* at 2250 (internal quotations and citation omitted).

[26] *Brown*, 765 F.3d 185 at 191.

[27] *See id.*, *United States v. Dahl*, 833 F.3d 345, 357 (3d Cir. 2016).

### A. Aggravated Felony

Under the non-modified categorical approach, an undivided § 7512(a) plainly does not constitute an aggravated felony. Pennsylvania's § 7512(a) requires that a defendant (1) use a phone[28] (2) to facilitate a felony under either (a) Pennsylvania's criminal code[29] or (b) its Controlled Substance, Drug, Device and Cosmetic Act (the "Pennsylvania Controlled Substance & Drug Act").[30] As Hillocks points out, this encompasses crimes such as "possessing a trade secret with the intent to wrongfully deprive the owner of control of it."[31] A felony, to be sure, but not an aggravated felony as defined by 8 U.S.C. § 1101(a)(43). A person could violate § 7512(a) by facilitating a non-aggravated felony, and using a phone to facilitate a non-aggravated felony is not itself an aggravated felony. Therefore, under the "least of the acts" necessary to sustain a conviction under § 7512(a), a conviction under it would not constitute an aggravated felony under the categorical approach.

The Board, however, found that § 7512(a) was a crime with alternative elements, requiring the modified categorical approach. In its decision, the Board found that § 7512(a) was

---

[28] Or another communications facility.

[29] Or, more specifically, any crime found in Title 18 of Pennsylvania's Consolidated Statutes. *See* 18 Pa. C.S. § 7512(a).

[30] 35 Pa. Stat. and Cons. Stat. Ann § 780-101 *et seq*.

[31] Pet'r Br. at 20 (citing 18 Pa. C.S. § 3930).

12

divisible into categories consisting of each possible underlying felony. To determine into which of the purported categories Hillocks's conviction fit, the Board reviewed Hillocks's plea colloquy, and determined that he used a communications facility to facilitate the sale of heroin. Our precedent, however, suggests there are problems with the Board's use of the modified categorical approach here.

To begin that analysis, we first consider the possible elemental categories into which § 7512(a) might divide. If § 7512(a) is divisible at all, the most obvious candidates are the two alternative categories listed by name in the statute: (a) Pennsylvania's general criminal code[32] or (b) the Pennsylvania Controlled Substance & Drug Act.[33] For reasons already discussed, facilitating any felony found in Pennsylvania's general criminal code cannot serve as the basis for an aggravated felony determination because not all felonies in that title would rise to the level of aggravated felonies.

The second alternative category, facilitating a felony found in Pennsylvania's Controlled Substance & Drug Act, is also not a categorical match with a federal aggravated felony. The Pennsylvania Controlled Substance & Drug Act makes it a crime to distribute not only controlled substances, but also non-controlled substances. For example, the Pennsylvania Controlled Substance & Drug Act also makes it a crime to distribute "designer drugs," which are statutorily defined as a

---

[32] *I.e.,* any crime found in Title 18 of Pennsylvania's Consolidated Statutes. *See* 18 Pa. C.S. § 7512(a).

[33] 35 Pa .Stat. and Cons. Stat. Ann § 780-101 *et seq*.

13

substance "other than a controlled substance" that produces an effect substantively similar to controlled substances.[34]  Thus, a conviction under the Pennsylvania Controlled Substance & Drug Act—by definition—does not necessarily involve a "controlled substance."  That means it cannot be a match with the federal aggravated felony indicated by the Board, which concerns only controlled substances.  Because neither of these categories, by the least of their acts, match with a corresponding federal felony, they cannot justify resort to the modified categorical approach.[35]

The categories would still be overbroad even if the Board had gone one step further and subdivided that latter category into (1) controlled substances under the Pennsylvania Controlled Substance & Drug Act, and (2) non-controlled substances under the Act.  This is because Pennsylvania controlled substance list incorporates several drugs that are not on the federal list.[36]  The Government concedes that "Pennsylvania lists more substances on its schedules than the

---

[34]*Id*. § 780-102(b).

[35] *Brown*, 765 F.3d at 191.

[36] Citing to the different drug schedules in his brief, Hillocks asserts that, at the time of his conviction, two drugs— dextrorphan and 1-(3-trifluoromethylphenyl) piperazine— appeared in the Pennsylvania drug schedules but not the federal schedules.  Pet'r Br. 22-23.  This Court previously made note that those two drugs did not appear on the federal schedules. *See Rojas v. Atty. Gen.*, 728 F.3d 203, 206 (3d Cir. 2013)(en banc).  As we explain below, *Rojas* has since been abrogated on other grounds.

federal."[37]  That means that an individual could be convicted under the Pennsylvania act for a substance that would not be a controlled substance under federal law—making Pennsylvania's act broader.  We have previously found that an analogous statute with the same problem did not constitute a categorical match with a federal crime, and hence was not an aggravated felony.[38]

In that case, *Borrome v. Attorney General*, this Court faced the question whether a conviction under the federal Food, Drug and Cosmetic Act's wholesale prescription drug distribution statutes necessarily involved a "controlled substance" such that it matched with the federal Controlled Substance Act.  Finding "daylight" between the two acts' lists, we held that "some prescription drugs do contain controlled substances, [but the Act] make[s] no distinction between convictions involving prescription drugs that do contain controlled substances and those that do not."[39]  Because the convicting court "did not necessarily have to find whether the prescription[] drugs involved also contained controlled substances," we found that a conviction there was not a match for the Controlled Substance Act, and therefore could not constitute an aggravated felony.[40]  The same reasoning applies here:  because the Pennsylvania controlled substances statute criminalizes drugs not on the federal schedules, a conviction

---

[37] Resp. Br. 16.

[38] *Borrome*, 687 F.3d at 158.

[39] *Id*.

[40] *Id* at 162.

15

under Pennsylvania's statute would not necessarily constitute a categorical match.[41] This set of divisions, then, does not support use of the modified categorical approach.

The Government concedes those possible categories fail and does not argue them before us. It relies on a different theory, however. It asserts that the appropriate categories are not the two statutory codes listed by name in § 7512(a), or some variation thereof, but every felony under either of them, individually. Under the Government's theory, every individual felony constitutes a separate, alternate element within § 7512(a).

The Government's reasoning is thus: In order to prove a crime at trial, the prosecution must prove every element beyond a reasonable doubt. The elements of § 7512(a) are: (1) the defendant knowingly and intentionally used a communication facility; (2) the defendant knowingly, intentionally, or recklessly facilitated an underlying felony; and (3) "the underlying felony occurred."[42] The only way to

---

[41] The Board argues that nevertheless "the identity of the specific controlled substance is an element" of the crime and thus divisible in that regard. Resp. Br. 16. That is a restatement of its primary argument—that the divisible elements are each specific felony—and not an argument in support of a proposed category of alternate elements in which "controlled substances under the Pennsylvania Controlled Substance & Drug Act" is one of the categories.

[42] *Commonwealth. v. Moss*, 852 A.2d 374, 382 (Pa. Super. Ct. 2004).

16

prove that the underlying felony occurred beyond a reasonable doubt is to prove that the individual elements of that felony occurred beyond a reasonable doubt. Because the elements of each individual felony must be proven beyond a reasonable doubt, and because each individual felony is different, that means that each felony must constitute a separate, distinguishable element under § 7512(a). Thus, says the Government, each individual felony constitutes a separate alternate element to which the modified categorical approach applies.

In support, the Government points to 21 U.S.C. § 843(b), a federal statute with some similarities to Pennsylvania's § 7512(a).[43] We held in *United States v. Johnstone* that § 843(b) requires the government to prove "(1) knowing or intentional (2) use of a communication facility (3) to commit, cause or facilitate the commission of a drug felony."[44] *Johnstone* found fault with a jury instruction that the final element need be met only by a preponderance of the evidence, and we held that the final element needed to be proven beyond a reasonable doubt.[45] Pennsylvania courts have cited that decision in their own analysis of § 7512(a), finding the comparison to § 843(b) helpful. Citing *Johnstone* and § 843(b), the Pennsylvania Superior Court held in *Commonwealth v. Moss* that the elements of § 7512(a) are "(1)

_____

[43] And which the Board in fact identified as the federal categorical match with § 7512(a).

[44] *United States v. Johnstone*, 856 F.2d 539, 542 (3d. Cir. 1988).

[45] *Id.*

17

[defendant] knowingly and intentionally used a communication facility; (2) [defendant] knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred."[46]

There are several problems with the Government's reliance on *Johnstone* and *Moss*, however. First is the fact that neither *Moss* nor *Johnstone* were categorical-approach cases, and so did not take up the question of whether either § 843(b) or § 7512(a) were divisible. The only decision cited by the parties that did consider § 843(b) in the context of the categorical approach, *United States v. Maldonado*, concluded that § 843(b) was indivisible—making the modified categorical approach inappropriate.[47] Further, *Johnstone* and *Moss* only stand for the proposition that a prosecutor must show beyond a reasonable doubt that any felony a defendant facilitated actually occurred. These holdings do not prohibit a prosecutor—for either § 843(b) or § 7512(a)—from offering up multiple facilitated felony options to a jury, nor for jury members to disagree on which felony the defendant actually facilitated. If one juror believes the defendant facilitated Felony A, and another juror believes the defendant facilitated Felony B, then *Johnstone* and *Moss* have no problem with that outcome, as long as the prosecutor shows beyond a reasonable doubt that both occurred.

---

[46] *Moss*, 852 A.2d at 382.

[47] *United States v. Maldonado*, 636 F. App'x 807, 811 (2d Cir. 2016) ("Because section 843(b) does not contain alternative elements, it is an indivisible statute.").

18

The Government also points to Pennsylvania's model jury instructions, which read:

> The defendant has been charged with criminal use of a communication facility. To find the defendant guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt:
>
> …
>
> Third, that the crime of [crime] did, in fact, occur.[48]

The Government argues that, by listing the category "[crime]" to be filled in, this implies that the third element under § 7512(a) requires that the jury must unanimously find that a single specified underlying felony occurred. That would make the underlying felony an element of § 7512(a), and not a means.

However, this argument is not consistent with our precedent, or other persuasive authority. In *United States v. Steiner*, we concluded that the model Pennsylvania Jury Instructions for burglary did "not require the jury to unanimously agree on the nature of the location; it can be a building, or occupied structure, or a separately secured or occupied portion of a building or structure."[49] And certainly it is at least as reasonable to believe two jurors could disagree

---

[48] Criminal Use of a Communication Facility, Pa. SSJI (Crim), § 15.7512 (2016).

[49] 847 F.3d 103, 120 (3d Cir. 2017) (internal quotations and citation omitted).

19

about which felony an individual facilitated as it is to believe they could disagree over which building a burglar broke into.[50]

The Second Circuit in *Harbin v. Sessions*, a decision that relies in part on this Court's own decision in *Borrome*, considered a case with very similar facts as this matter. There, model jury instructions included an element that read: "on or about [date], in the county of [county], the defendant, [defendant's name], sold [specify]."[51] The Second Circuit concluded that "[a]lthough the instructions include a blank with the word 'specify' in it, allowing a judge to name the substances at issue in the case, the instructions do not say it is impermissible to identify more than one substance."[52] Further, "if the judge may allow the jurors a choice between different substances, the statute does not create separate crimes—it creates separate means of committing the same crime."[53] The same logic applies here; nothing suggests that the model instructions require a jury to find that one and only one underlying felony has occurred. Section 7512(a)'s model instructions do not support the argument that the "[crime]" notation suggests that the underlying felony constitutes a particular element.

---

[50] *See Mathis*, 136 S. Ct. at 2250 (finding that "a jury need not agree on which . . . locations w[ere] actually" burgled in Iowa's burglary statute, and thus the specific locations were means, not elements).

[51] *Harbin v. Sessions*, 860 F.3d 58, 68 (2d Cir. 2017).

[52] *Id.*

[53] *Id.*

20

Beyond its articulated arguments, the Government's position does not withstand scrutiny when viewed in the context of precedent in this and other Circuits. To begin, courts, including our Court, have typically held that alternate elements must be explicitly identified in the statute's text, not read into the language. The Supreme Court in *Mathis* held that a divisibility analysis is required only as far as a statute is "alternatively phrased,"[54] and the Fifth Circuit has held that "[t]he requirement that a statute must be meaningfully alternatively phrased in the first place is implicit in the *Mathis* Court's analysis."[55] In *Descamps*, the Supreme Court stated that "'the modified categorical approach that we have approved permits a court to determine which statutory phrase was the basis for the conviction.'"[56] There is only one textual clue supporting the proposition that § 7512(a) is divisible: the disjunctive "or" that, at most, separates the statute into a felony under either Pennsylvania's criminal title or its Controlled Substance & Drug Act.

When faced with a similar issue, we have previously held that a Pennsylvania statute making it a felony to communicate a threat to "commit any crime of violence with intent to terrorize another" was indivisible.[57] We held that,

---

[54] 136 S. Ct. at 2256.

[55] *United States v. Urbina-Fuentes*, 900 F.3d 687, 694 (5th Cir. 2018).

[56] 570 U.S. at 263 (quoting *Johnson*, 559 U.S. at 144).

[57] *Brown*, 765 F.3d at 193 (citing 18 Pa C.S. § 2706(a)(1)).

21

while some crimes of violence would constitute an aggravated felony, because "[the Pennsylvania statute] does not list each crime of violence," it was indivisible.[58]

The Government's position also does not comport with other markers that indicate when a crime has multiple elements, such as whether different divisible categories result in different punishments. In *United States v. Abbott*, we addressed a provision of the Pennsylvania Controlled Substance & Drug Act, 35 Pa. Stat. and Cons. Stat. Ann. § 780-113(a)(30), and concluded that it was divisible as to each controlled substance, an argument that mirrors the Government's in this case.[59] However, *Abbott*'s reason for doing so was because "the type of controlled substance involved in a violation of 35 Pa. Stat. Ann. § 780-113(a)(30) alters the prescribed range of penalties. Accordingly, the type of drug, insofar as it increases the possible range of penalties, is an element of the crime."[60]

Here, by contrast, the penalty for § 7512(a) does not change depending on the underlying felony. In circumstances where the penalties do not vary, other circuits have found that the statute is not divisible.[61] In *Harbin*, a case which, like

---

[58] *Id.*

[59] *United States v. Abbott*, 748 F.3d 154, 159 (3d Cir. 2014); *see also Singh v. Att'y Gen.*, 839 F.3d 273, 282 (3d Cir. 2016).

[60] *Abbott*, 748 F.3d at 159.

[61] *See, e.g., United States v. McKibbon*, 878 F.3d 967, 975 (10th Cir. 2017) (holding statute indivisible where it "does

*Abbott*, concerned a list of controlled substances, the Second Circuit found that because the statute "carries the same penalties for each violation . . . each controlled substance is a mere 'means' of violating the statute, not a separate alternative element."[62]

In short, precedent and persuasive authority decidedly fall against the Board here. Pennsylvania's § 7512(a) does not have enumerated categories that suggest alternate elements, it does not provide different punishments depending on the underlying crime, and this Court and others have rejected the significance the Government places on the structure of the model jury instructions. We therefore conclude that the underlying felonies serving as a basis for a conviction under § 7512(a) are means, not separate elements.[63]

Because the Government has not identified divisible categories, at least one of which would match a generic federal

---

not provide different punishments depending on" the proposed alternate elements).

[62] *Harbin*, 860 F.3d at 65.

[63] Even if we were to agree that each individual felony did constitute a separate element under § 7512(a), there would still be a further question as to whether § 7512(a) is a true categorical match with the corresponding federal crime, § 843(b). Hillocks argues that the two have different scienter requirements. Having already found that § 7512(a) cannot by the least of its acts constitute an aggravated felony under the categorical approach, we need not further consider the scienter issue.

aggravated felony, the modified categorical approach is not appropriately applied to § 7512(a). And under the categorical approach, Hillocks's conviction under § 7512(a) does not constitute an aggravated felony, because "the least of its acts" do not have a corresponding match with a comparable federal aggravated felony.

## B. Relating to a Controlled Substance

The Board also concluded that Hillocks's conviction was related to a controlled substance, which is a separate ground for removal.[64] Our precedent currently does not apply the categorical approach to determine whether a state statute relates to a controlled substance. Instead, we look at the conviction documents to determine whether a federally controlled substance was involved "in the same way as the existence of the conviction itself is normally established."[65] This analysis was laid out in our decision in *Rojas v. Attorney General*.[66]

---

[64] The Board argues that Hillocks has failed to exhaust this argument, because he did not explicitly reference it in his appeal from the immigration judge to the Board. However, the Board addressed it *sua sponte* in its decision, JA 7 (affirming immigration judge's "conclusion that [Hillocks's] conviction . . . renders him removable under section 1227(a)(2)(B)(i)), and we have held that "we have jurisdiction" when "the BIA considers the issue *sua sponte*." *Lin v. Att'y Gen*, 543 F.3d 114, 123-24 (3d Cir. 2008).

[65] *Rojas*, 728 F.3d at 216.

[66] *Id*.

24

However, after *Rojas* was decided, the Supreme Court issued *Mellouli v. Lynch*, which applied the categorical approach to determine whether a state conviction related to a controlled substance.[67] The Government here does not contest that *Mellouli* applied the categorical approach.[68] It instead argues that the Court need not consider it, because Hillocks would fail under either test. However, we have already rejected the Government's categorical approach arguments as they relate to whether his conviction is an aggravated felony. *Mellouli*'s impact on *Rojas* dictates the outcome here.

And *Mellouli* does apply the categorical approach to the question of whether a state crime relates to a controlled substance.[69] It stated that "[t]he categorical approach has been applied routinely to assess whether a state drug conviction triggers removal under the immigration statute" and that "[u]nder the categorical approach . . ., Mellouli's drug-paraphernalia conviction does not render him deportable" because the state conviction was not categorically limited to federally-defined controlled substances.[70] We therefore conclude that *Mellouli* abrogated *Rojas*'s test, and directs us to

---

[67] 135 S. Ct. at 1986-89.

[68] Resp. Br. 21 ("In *Mellouli*, the Supreme Court acknowledged the use of the modified categorical approach . . . .").

[69] 135 S. Ct. at 1986-1989.

[70] *Id.* at 1988.

apply the categorical approach to the question of whether a particular state offense relates to a controlled substance.[71]

The question of whether § 7512(a) relates to a controlled substance is not materially distinct from the question of whether it is an aggravated felony, and the same reasoning applies with equal force to both. The analysis is therefore the same and need not be repeated here. For the same reasons we hold that § 7512(a) does not categorically constitute an aggravated felony, we also hold that it does not relate to a controlled substance.

Because, applying the categorical approach, Hillocks's conviction under § 7512(a) is neither an aggravated felony nor related to a controlled substance, it cannot serve as the basis for removal, as the Board held it did.

## III.

For the foregoing reasons, Hillocks's order of removal will be vacated, and this matter will be remanded for further proceedings consistent with this Opinion.

---

[71] This abrogation only extends to the appropriate test to determine whether a state crime relates to a controlled substance. *Rojas* otherwise remains good law in this Circuit.