NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2790

_____

EDGAR ONASIS MARMOLEJOS ACEVEDO,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A200-545-016)
Immigration Judge: Alice Song Hartye
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 31, 2020

Before: GREENAWAY, JR., PORTER, and MATEY,
*Circuit Judges*

(Filed: May 1, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

PORTER, *Circuit Judge*.

The issue here is whether Edgar Onasis Marmolejos Acevedo's conviction for violating 18 Pa. Cons. Stat. § 911(b)(3) is an aggravated felony, rendering him removable from the United States. We hold that section 911(b)(3) is divisible and that we thus analyze this question under the modified categorical approach. Under that approach, Marmolejos was convicted of an aggravated felony. We will deny his petition for review.

**I**

Marmolejos is a native and citizen of the Dominican Republic who entered the United States and then participated in criminal gang activity. Authorities eventually charged Marmolejos with several crimes, and he pleaded guilty to a racketeering offense under 18 Pa. Cons. Stat. § 911(b)(3).

The Department of Homeland Security then charged Marmolejos with removal under the Immigration and Nationality Act ("INA") based on his racketeering conviction. Marmolejos responded by moving to terminate the removal proceedings, arguing that his conviction did not render him removable.

The Immigration Judge ("IJ") denied Marmolejos's motion and held that he was removable because he was convicted of both an aggravated felony and a controlled substance offense. Marmolejos appealed the IJ's order to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's holding that Marmolejos was removable on aggravated felony grounds. The BIA did not consider whether Marmolejos was also removable on controlled substance offense grounds. Marmolejos timely petitioned this court for review.

## II

The IJ had jurisdiction over Marmolejos's removal proceeding under 8 C.F.R. § 1003.14(a). The BIA had jurisdiction over Marmolejos's appeal of the IJ's order under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction over Marmolejos's petition for review under 8 U.S.C. § 1252(a).

The BIA issued its own decision on the merits rather than summarily affirming the IJ. Thus, we review the BIA's decision, not that of the IJ. *See Hanif v. Att'y Gen.*, 694 F.3d 479, 483 (3d Cir. 2012) (citing *Sheriff v. Att'y Gen.*, 587 F.3d 584, 588 (3d Cir. 2009)).

To the extent that we find that Marmolejos was convicted of an aggravated felony, our jurisdiction is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). "[W]hether a particular criminal statute is an aggravated felony or related to a controlled substance" is a legal question that we review de novo, without deferring to the BIA under *Chevron. Hillocks v. Att'y Gen.*, 934 F.3d 332, 338 (3d Cir. 2019) (first citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 838 (1984); and then citing *Borrome v. Att'y Gen.,* 687 F.3d 150, 154 (3d Cir. 2012)).

## III

Marmolejos's petition raises two purported errors by the BIA. First, Marmolejos argues that the BIA erred by finding that he was convicted of an aggravated felony. Second, Marmolejos argues that the BIA erred by declining to address the IJ's finding that he was also independently deportable because he was "convicted of a violation of . . . any law . . . relating to a controlled substance" under 8 U.S.C. § 1227(a)(2)(B)(i).

Because we will deny Marmolejos's petition for review based on his aggravated felony conviction, we need not consider his second argument.

**A**

"Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The INA defines "aggravated felony" in reference to several generic offenses. *See* 8 U.S.C. § 1101(a)(43). To determine whether an alien's prior conviction is an aggravated felony, we apply the "categorical approach." *See, e.g.*, *Singh v. Att'y Gen.*, 839 F.3d 273, 278 (3d Cir. 2016). Under this approach, when the statute under which the alien was convicted "sets out a single (or 'indivisible') set of elements to define a single crime," *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), the crime is an aggravated felony if its elements fall within those of the "most similar" generic offense listed in the INA definition, *Rosa v. Att'y Gen.,* 950 F.3d 67, 73–80 (3d Cir. 2020). But if the crime's elements are broader than those of the generic offense, "then it is not an [aggravated felony]—even if the [alien]'s actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Mathis*, 136 S. Ct. at 2248.

When the statute under which the alien was convicted is "divisible"—because it "list[s] elements in the alternative . . . thereby defin[ing] multiple crimes"—we must determine which of these underlying crimes is the alien's crime of conviction. *Id.* at 2249. To do so, we apply the "modified categorical approach" and "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy)" to make this determination. *Id.*

4

**B**

Marmolejos argues that the BIA erred by relying on the modified categorical approach to analyze whether his conviction under 18 Pa. Cons. Stat. § 911(b)(3) was an aggravated felony. Section 911(b)(3) is divisible, so Marmolejos's contention fails.

Section 911(b)(3) declares that "[i]t shall be unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 Pa. Cons. Stat. § 911(b)(3). "'Pattern of racketeering activity' refers to a course of conduct requiring two or more acts of racketeering activity." *Id.* § 911(h)(4). The section defines "[r]acketeering activity" in reference to several specific crimes. *See id.* § 911(h)(1). To convict under section 911(b)(3), Pennsylvania Suggested Standard Criminal Jury Instructions provide that a jury "must unanimously agree on which two or more [acts of racketeering that it] find[s] the defendant has committed beyond a reasonable doubt." Pa. SSJI (Crim) § 12.911A(2)(a) (2016); *cf. Commonwealth v. Birdseye*, 637 A.2d 1036, 1044 (Pa. Super. Ct. 1994) (explaining that jury instructions following Pa. SSJI (Crim) § 12.911 had "accurately explained the law of corrupt organizations"). In other words, "racketeering activity," in section 911(b)(3) is "a statutory phrase without independent meaning" that "has 'constituent parts' or alternative 'elements' that need to be proven beyond a reasonable doubt to sustain a conviction." *United States v. Williams*, 898 F.3d 323, 333 & n.42 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1351 (2019) (relying on model jury instructions in part to hold that 18 U.S.C. § 1962(c) of the federal Racketeering Influenced and Corrupt Organization Act is divisible); *see United States v. Ramos*, 892

5

F.3d 599, 609 & n.47 (3d Cir. 2018) (relying on Pa. SSJI (Crim) §§ 15.2702A–15.2702L to hold that a Pennsylvania statute is divisible). Thus, section 911(b)(3) "sets out one or more *elements* in the alternative" and is a divisible statute to which the modified categorical approach applies. *Ramos*, 892 F.3d at 608 (citing *Descamps v. United States*, 570 U.S. 254, 262 (2013)).

Marmolejos argues that the modified categorical approach is barred here by *Nijhawan v. Holder*, 557 U.S. 29 (2009). But *Nijhawan* does not support his argument. In that case, the Court interpreted the INA's definition of "aggravated felony" as "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." *See id.* at 34, 36–39 (interpreting 8 U.S.C. § 1101(a)(43)(M)(i)). The Court concluded that that provision requires a "circumstance-specific" inquiry into a defendant's criminal conduct. *Id.* at 34. As the Court's more recent cases involving the modified categorical approach show, *Nijhawan* did not affect when we apply the modified categorical approach. *See, e.g.*, *Mathis*, 136 S. Ct. 2243; *see also Nijhawan*, 557 U.S. at 41 (explaining that the Court's caselaw "developed [the modified categorical approach] . . . for a very different purpose [than the circumstance-specific approach], namely that of determining which statutory phrase (contained within a statutory provision that covers several different generic crimes) covered a prior conviction"). Thus, *Nijhawan* is no hurdle to applying the modified categorical approach when analyzing whether Marmolejos was convicted of an aggravated felony.

## C

Because section 911(b)(3) is divisible, we next consider what elements

Marmolejos "necessarily admitted" to violating when he pleaded guilty under section

911(b)(3). *United States v. Tucker*, 703 F.3d 205, 210 (3d Cir. 2012) (citation omitted).

The elements of section 911(b)(3) are (1) being "employed by or associated with any

enterprise" and (2) "conduct[ing] or participat[ing] . . . in the conduct of such enterprise's

affairs," by committing "two or more acts of racketeering activity." 18 Pa. Cons. Stat.

§ 911(b)(3), (h)(4); *see Commonwealth v. Stocker*, 622 A.2d 333, 340 (Pa. Super. Ct.

1993). Because racketeering activity has multiple definitions, which of these definitions

applies to Marmolejos's conviction?

To answer this question, we look to the Information that charged Marmolejos with

violating section 911(b)(3). *See Mathis*, 136 S. Ct. at 2249. It states that "[Marmolejos]

was a member of [a gang] who operated an enterprise distributing heroin and marijuana

through a pattern of racketeering activity." AR161. Section 911(h)(1)'s definition of

"racketeering activity" that corresponds with Marmolejos's charged conduct is "[a]n

offense indictable under [35 Pa. Stat. Ann. § 780-113]." 18 Pa. Cons. Stat.

§ 911(h)(1)(ii). Section 780-113 prohibits the unauthorized "delivery [of] . . . a controlled

substance." 35 Pa. Stat. Ann. § 780-113(a)(30). The definition of "controlled substance"

includes both heroin and marijuana. *See id.* §§ 780-102(b), 780-104(1)(ii), (iv). Thus,

Marmolejos's two or more acts of racketeering activity were delivering heroin and

marijuana without authorization, in violation of 35 Pa. Stat. Ann. § 780-113(a)(30).

## D

Finally, we consider whether Marmolejos's offense is an aggravated felony. Marmolejos was convicted of a racketeering violation under section 911(b)(3), so the most similar generic offense under the INA's definitions of aggravated felony is "an offense described in [18 U.S.C. § 1962] (relating to racketeer influenced corrupt organizations)." 8 U.S.C. § 1101(a)(43)(J); *see Rosa*, 950 F.3d at 76; *cf. Callahan v. A.E.V., Inc.*, 182 F.3d 237, 266 (3d Cir. 1999) (describing Pennsylvania's "little RICO [under 18 Pa. Cons. Stat. § 911(b)]" as "virtually identical to the federal racketeering statute [under 18 U.S.C. § 1962]").

Section 1962 prohibits, "any person employed by or associated with any enterprise . . . [from] conduct[ing] or participat[ing] . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). A "'pattern of racketeering activity' requires at least two acts of racketeering activity." *Id.* § 1961(5). And "racketeering activity" includes "any act . . . involving . . . dealing in a controlled substance [under 21 U.S.C. §§ 802 and 812] . . ., which is chargeable under State law and punishable by imprisonment for more than one year." *Id.* § 1961(1)(A). In turn, heroin and marijuana are controlled substances under 21 U.S.C. §§ 802 and 812.

Marmolejos's section 911(b)(3) conviction, which was—according to the Information—based on delivering heroin and marijuana without authorization, meets each element of an offense described in 18 U.S.C. § 1962. And his section 911(b)(3) conviction was punishable by imprisonment for more than one year. *See* 18 Pa. Cons. Stat. § 911(c) (explaining that a violation of section 911(b)(3) is a felony of the first

8

degree); *id.* § 1103(1) (explaining that felonies of the first degree are punishable by up to twenty years' imprisonment). Thus, Marmolejos was convicted of an aggravated felony under the INA.

Still, he contends that the documents that we may rely on do not show that he committed multiple acts of racketeering activity. This argument is unpersuasive for two reasons. First, by pleading guilty to violating section 911(b)(3), Marmolejos "necessarily admitted" the elements of the offense, *Tucker*, 703 F.3d at 210, including that he had committed two or more acts of racketeering activity, *see Stocker*, 622 A.2d at 340. Second, Marmolejos misreads the Information. By referring to Marmolejos with the relative pronoun "who," the Information states that "[Marmolejos] operated an enterprise distributing heroin and marijuana through a pattern of racketeering activity." AR161.

**IV**

For these reasons, we hold that 18 Pa. Cons. Stat. § 911(b)(3) is divisible. The BIA was thus correct to apply—and correctly applied—the modified categorical approach to find that Marmolejos was deportable because he was convicted of an aggravated felony under the INA. We will deny Marmolejos's petition for review.