NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3626
_____

RICHARD MCKOY,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(A058-349-641)
Immigration Judge: Jack Weil
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 25, 2021
_____

Before: GREENAWAY, JR., PHIPPS, and COWEN, *Circuit Judges*.

(Opinion Filed: October 26, 2021)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

Richard McKoy seeks review of the final order of removal finding him removable

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

pursuant to 8 U.S.C. § 1227(a)(2)(E)(i), based on his conviction for unlawful contact with a minor, in violation of 18 Pa. Cons. Stat. § 6318(a)(1). McKoy asserts that both the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") erred when they concluded that § 6318(a)(1) was divisible and therefore amenable to review under the modified categorical approach. As we explain below, we agree that the statute is divisible and will therefore deny the petition for review.

## I. Background

McKoy, a native and citizen of Jamaica, entered the United States in 2009 as a legal permanent resident. In 2018, in the Philadelphia Court of Common Pleas, McKoy was charged in an eight-count criminal information. He pled guilty to count one, charging him with unlawful contact with a minor, in violation of 18 Pa. Cons. Stat. § 6318(a)(1), and count four, charging him with indecent assault without consent, in violation of 18 Pa. Cons. Stat. § 3126(a)(1). Based on these offenses, McKoy was charged with removability for having been convicted of a crime of child abuse, pursuant to 8 U.S.C. § 1227(a)(2)(E)(i), and for having been convicted of an aggravated felony, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[1]

Before the IJ, McKoy admitted to the factual allegations in the Notice to Appear ("NTA"), but denied the charges of removability and moved to terminate the

---

[1] The IJ dismissed the charge made pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). The government did not seek review of that decision before either the BIA or this Court. This opinion focuses solely on the issues raised in connection with § 1227(a)(2)(E)(i).

2

proceedings. McCoy made clear that he sought no other relief from removal. With respect to the child abuse offense, McKoy did not question whether § 6318(a)(1) satisfied the definition of child abuse when the victim was a minor. Instead, he argued that the underlying Pennsylvania statute[2] encompasses conduct that is broader than the generic definition of child abuse for immigration purposes. Specifically, he focused on the fact that someone could be convicted under the Pennsylvania statute based on conduct involving a minor or a law enforcement officer assuming the identity of a minor, thus encompassing conduct not involving a minor. Arguing that the statute was indivisible under the categorical approach,[3] McCoy asserted that his removal proceedings should be terminated.

The IJ disagreed with McKoy's position, concluding that, since § 6318(a)(1) was

---

[2] The Pennsylvania statute at issue provides that:

> A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:
> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa. Cons. Stat. § 6318(a)(1).

[3] As discussed more fully below, courts employ either a categorical or a modified categorical approach in determining whether an alien's conviction, rather than their conduct, makes them removable. *Esquival-Quintana v. Sessions*, 137 S. Ct. 1562, 1567-68 (2017).

divisible, application of the modified categorical approach was appropriate. Relying on the criminal information, the IJ found that McKoy's offense involved a minor, and not a law enforcement officer posing as a minor.

Asserting that the IJ erred in finding § 6318(a)(1) divisible, McKoy sought review before the BIA. The BIA affirmed the IJ's decision and dismissed the appeal. McKoy filed a timely petition for review before this Court.

## II. Discussion

The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), but jurisdiction is limited to review of "constitutional claims and questions of law." *Hanif v. Att'y Gen.*, 694 F.3d 479, 483 (3d Cir. 2012) (citing 8 U.S.C. § 1252(a)(2)(D)).

Because the BIA did not summarily affirm the IJ's order but instead issued a separate opinion, we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA deferred to it. *Chavarria v. Gonzalez,* 446 F.3d 508, 515 (3d Cir. 2006). We review factual findings by the BIA for "substantial evidence, which means we must uphold findings of fact unless the record evidence compels a contrary finding." *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 425 (3d Cir. 2011).

"Because the BIA's written decision in this case was an unpublished, non-precedential decision issued by a single BIA member, to the extent it was interpreting statutes, we will not afford it *Chevron* deference. Instead, those issues of statutory interpretation, along with other questions of law, will be reviewed de novo." *Gourzong v.*

4

*Att'y Gen.*, 826 F.3d 132, 136 (3d Cir. 2016) (citing *Mahn v. Att'y Gen.*, 767 F.3d 170, 173 (3d Cir. 2014) (internal citations omitted)). "Moreover, 'we owe no deference to the [administrative] interpretation of a state criminal statute.'" *Castillo v. Att'y Gen.*, 729 F.3d 296, 302 (3d Cir. 2013) (quoting *Partyka v. Att'y Gen.*, 417 F.3d 408, 411 (3d Cir. 2005)).

When determining if a particular state crime renders an alien removable, "the immigration courts look to see if the statute matches the federal definition of a qualifying crime. This is known as the 'categorical approach.'" *Hillocks v. Atty. Gen'l*, 934 F.3d 332, 336 (3d Cir. 2019). "[T]he categorical approach does not call for the consideration of the facts of a particular case." *Id*. at 338. Instead, "[w]e presume that the state conviction rested upon the least of the acts criminalized by the statute, and then we determine whether that conduct would fall within the federal definition of the crime." *Id.* (quoting *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1567 (2017)) (internal quotation marks omitted). "[A]n indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." *Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016).

"Courts 'modify' this approach where a crime has multiple alternative elements— facts that a prosecutor must prove, and a jury must find, beyond a reasonable doubt." *Hillocks*, 934 F.3d at 338. "[T]he modified approach 'helps implement the categorical approach' when a defendant was convicted of violating a divisible statute." *Id.* (quoting

*Descamps v. United States*, 570 U.S. 254, 263 (2013)). Applying the modified categorical approach, we may "consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's . . . conviction." *Descamps*, 570 U.S. at 257.

Looking only at the statute of conviction, we cannot tell if McKoy was convicted of a crime satisfying the definition of child abuse because he may have engaged in conduct that did not involve a child. That is, § 6318(a)(1) prohibits conduct involving either a minor or a "law enforcement officer acting in the performance of his duties who has assumed the identity of a minor." "[F]aced with an alternatively phrased statute [we must] determine whether its listed items are elements or means." *Mathis*, 136 S. Ct. at 2256. To aid in this endeavor, we turn to Pennsylvania's model jury instructions. The relevant model jury instruction provides that:

> The defendant has been charged with unlawful contact with a minor. To find the defendant guilty of this offense, you must find that each of the following three elements has been proven beyond a reasonable doubt:
>
> First, that the defendant was intentionally in contact with [a minor] [a law enforcement officer acting in the performance of [his] [her] duties who had assumed the identity of a minor];
>
> Second, that the contact was for the purpose of engaging in an unlawful act, that is, [list specific offense under 18 Pa. C.S. chapter 31 relating to sexual offenses] [open lewdness] [prostitution] [acts involving obscene and other sexual materials and performances] [sexual abuse of children] [sexual exploitation of children]. [Where the Commonwealth has charged more than one such act, the following instruction should also be given: If you find this element is proven beyond a reasonable doubt, you must indicate on the verdict form which act or acts you find to have been so proven];

6

Third, that either the defendant or the person being contacted is within this Commonwealth.

Pennsylvania Suggested Standard Criminal Jury Instructions, Pa. SSJI (Crim) 15.6318.

According to McKoy, the two alternatives set forth in the first element reflect only means of committing the underlying crime because the jury instructions do not require jury unanimity on the question of who the victim is. This argument misapprehends the import of the jury instructions. The bracketed information indicates that a jury would only be charged as to one of the alternative victims – either a minor or a law enforcement officer acting in the performance of his or her duties who had assumed the identity of a minor, but not both. As a result, the jury would have to be unanimous in its decision, thus making the statute divisible and allowing us to apply the modified categorical approach.

Under the modified categorical approach, we can examine the criminal information setting forth the charges against McKoy.[4] That criminal information clearly indicates that the victim involved in counts one and four (the two counts to which McKoy pled guilty) was "G.R. Age: 15," A.R. 210, and not a law enforcement officer posing as a minor. Thus, McKoy was convicted of a crime involving child abuse and is removable

---

[4] "[L]ogic dictates that a court endeavoring to conclude which subsection [a defendant] pled guilty to violating would have to look 'to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *United States v. Blair*, 734 F.3d 218, 225 (3d Cir. 2013) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

pursuant to 8 U.S.C. § 1227(a)(2)(E)(i).

### III.  Conclusion

For the foregoing reasons, we will deny the petition for review.