

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2007

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5414

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smith" (2007). *2007 Decisions*. Paper 1011.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1011

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5414

UNITED STATES OF AMERICA

v.

LARRY SMITH,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 03-cr-00356)
District Court: Hon. Eduardo C. Robreno

Submitted pursuant to Third Circuit LAR 34.1(a)
April 23, 2007

BEFORE: McKEE, AMBRO, Circuit Judges,
and ACKERMAN, Senior District Judge.[*]

(Opinion filed:  June 5, 2007)

McKEE, Circuit Judge.

    Larry Smith appeals the sentence that was imposed after he was convicted of

Hobbs Act robbery, carjacking, brandishing a firearm during and in relation to a crime of

violence, and being a felon in possession of a firearm.  Counsel has filed a brief pursuant

to *Anders v. California*, 386 U.S. 738 (1967),  in which he represents that there are no

_____

    [*] The Honorable Harold A. Ackerman, Senior United States District Judge for the
District of New Jersey, sitting by designation.

nonfrivolous issues for appeal. We have reviewed the record for possible appellate issues as well as Smith's informal *pro se* brief. We agree that there are no meritorious issues. Accordingly, we will affirm.

## I.

As we write primarily for the parties who are familiar with the factual and procedural background of this case, we need not reiterate them here. The sole issue before us is based upon Smith's challenge to the sentence he received.[1] We address the only two portions of the record that arguably support a claim of error.

First, during the resentencing hearing the district court stated: "some people say that [the Guidelines] should be presumptive, . . . I agree with that."[2] App. at 29. However, the court also stated several times during resentencing that it understood that the Guidelines were only advisory. *See* App. at 24, 25, 28. The court also elicited testimony from Smith to "help my understanding of the factors outlined in the [applicable sentencing statute] in reaching the final calculation . . . ." *Id*. at 29. After listening to Smith's arguments for a lower sentence, the court recognized the importance of two

---

[1] We considered the other issues raised by Smith in his *pro se* brief, alleging jury and prosecutorial misconduct, and rejected them on July 20, 2005. We also rejected Smith's allegation that the district court erred in applying a sentencing enhancement. We nevertheless remanded for resentencing under *Booker*. The district court's sentence on remand is the subject of this appeal.

[2] Although some appellate courts view the Guidelines as presumptively reasonable, this Circuit does not. *United States v. Cooper*, 437 F.3d 324, 331-32 (3d Cir. 2006).

principles in determining an appropriate sentence: that punishment should be no greater than necessary to achieve the objectives of the sentencing scheme, and the mandatory minimum sentences required by Congress. The court then concluded that the sentence of 472 months imprisonment that it had previously imposed was greater than necessary to achieve the objectives of the Guidelines, and the court imposed the mandatory minimum sentence of 384 months for the firearms offenses, plus 24 months imprisonment for Hobbs Act robbery and carjacking.

We believe that the court's sentence was reasonable. The court considered the factors set forth in 18 U.S.C. § 3553, including the characteristics of the defendant—specifically his age upon release, the deterrent effect of the sentence imposed, and the seriousness of Smith's crimes. Accordingly, we reject Smith's claim that the court imposed a sentence pursuant to mandatory Guidelines.

Smith also claims the court erred because its Guideline calculation was incorrect. The record is clear. The court's initial calculation was wrong. However, the court corrected the calculation as soon as it became aware of the error and then imposed a corrected sentence stating the correct Guidelines range. App. at 39-40. Accordingly, we reject Smith's challenge to the sentence that was imposed on remand, and conclude that there are no meritorious grounds for appeal.

## II.

For the foregoing reasons, we will affirm the judgment of sentence and grant counsel leave to withdraw.