OPINION OF THE COURT
RENDELL, Circuit Judge.
Russell McNeill was tried and convicted of the following armed robbery and firearms offenses:
Count I: Armed robbery of a Uni-Mart convenience store on April 27, 2006 in violation of 18 U.S.C. § 1951(a).
Count II: Carrying and brandishing a weapon in the robbery of the Uni-Mart convenience store in violation of 18 U.S.C. § 924(c)(1)(A)® and (ii).
Count III: Armed robbery of the Casa Del Sol II pizza shop on April 27, 2006 in violation of 18 U.S.C. § 1951(a).
Count IV: Carrying and brandishing a weapon in the robbery of the Casa Del Sol II pizza shop in violation of 18 U.S.C. § 924(c)(1)(A)® and (ii).
Count V: Armed robbery of Vallina’s Market grocery store on April 28, 2006 in violation of 18 U.S.C. § 1951(a).
Count VI: Carrying and brandishing a weapon in the robbery of Vallina’s Market grocery store in violation of 18 U.S.C. § 924(c)(1)(A)® and (ii).
Count VII: Bank robbery of a Washington Federal Bank branch on April 29, 2006 in violation of 18 U.S.C. § 2113(a).
Count VIII: Armed bank robbery of a Washington Federal Bank branch on April 29, 2006 in violation of 18 U.S.C. § 2113(d).
Count IX: Carrying and brandishing a weapon in the robbery of a Washington Federal Bank branch in violation of 18 U.S.C. § 924(c)(1)(A)® and (ii).
McNeill claims that the District Court erred in denying his motions to dismiss Counts I through VI for lack of jurisdiction and to sever Counts VII through IX.
McNeill argues that the government failed to prove that interstate commerce was obstructed, delayed, or affected in any way by his alleged conduct and that, therefore, the District Court lacked subject matter jurisdiction over these charges. Under the Hobbs Act, robbery is a federal crime if the defendant “in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce.” 18 U.S.C. § 1951(a). Our review of the District Court’s interpretation of the Hobbs Act involves an issue of law, and is plenary. United States v. Urban, 404 F.3d 754, 762 (3d Cir.2005). His challenge to the sufficiency of the evidence regarding interstate commerce is reviewed to determine “whether, viewing the evidence most favorably to the government, there is substantial evidence to support the jury’s guilty verdict.” Id. In other words, we ask if “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (quotations omitted).
McNeill concedes that under our case-law the government need prove only a minimal, or de minimus, effect upon interstate commerce to establish jurisdiction. In fact, this de minimus effect need only be potential. Urban, 404 F.3d at 766. A jury may infer that interstate commerce was minimally affected by a showing that business assets from an establishment that purchased good or services from out-of-state were depleted. See United States v. Haywood, 363 F.3d 200, 210 (3d Cir.2004) (holding that interstate commerce nexus is established where defendant stole less than $100 from bar that imported beer from out-of-state). Stealing money from a store that buys any of its goods out-of-state is also sufficient to demonstrate an *365 effect on interstate commerce. See United States v. Clausen, 328 F.3d 708, 711-12 (3d Cir.2003) (finding that an interstate commerce nexus was established where defendant stole from businesses that purchased goods from out-of-state or had customers or employees from out-of-state).
McNeill concedes that the government’s evidence established that the businesses he allegedly robbed purchased items through interstate commerce or that customers crossed state lines to patronize the businesses. McNeill contends, however, that the only evidence produced to indicate an effect on interstate commerce is that the stores were forced to close for a short time and lost money. McNeill urges that this evidence is insufficient to establish federal jurisdiction under the Hobbs Act. However, because a rational trier of fact could conclude that the businesses in question purchased goods and services from out-of state and that McNeill stole from these businesses, the District Court did not err in denying McNeill’s motion to dismiss for lack of jurisdiction.
McNeill next contends that the District Court erred in denying his motion to sever Counts VII, VIII and IX of the Indictment. We make an independent determination as to whether joinder of counts under Fed.R.Crim.P. 8 was proper. United States v. Irizarry, 341 F.3d 273, 287 (3d Cir.2003). Federal Rule of Criminal Procedure 8(a) states that “[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged — whether felonies or misdemeanors or both — are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.”
McNeill concedes that the robberies of the Uni-Mart, Casa del Sol II, Vallina’s, and the Washington Federal Bank all occurred within three days and all occurred in the same general location in Pennsylvania (although in different counties). These offenses were all gun-point robberies that were allegedly of the same or similar character.[1] Therefore, joinder was proper and the District Court did not err in denying McNeill’s motion to sever Counts VII, VIII and IX of the Indictment.
For the reasons set forth above, we will AFFIRM the Order of the District Court.

. There was evidence that McNeill wore the same clothing for each robbery, used the same gun, played the same role (posed as a customer), had the same modus operandi (robbed businesses in out-of-the-way areas or that lacked surveillance cameras), had the same accomplice, and used the same vehicles to get away.