PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2027

In re: MICHAEL MATTHEWS,
                                    Petitioner

_____

No. 16-2080

In re: DAVID DUPREE,
                                    Petitioner

_____

Nos. 16-2273 & 16-2312

In re: SEBASTIAN WILLIAMS,
                                    Petitioner

_____

No. 16-2414

In re: LARRY SMITH,
                                    Petitioner

_____

No. 16-2422

In re: RUSSELL WAYNE MCNEILL, III,

Petitioner

_____

On Applications Pursuant to 28 U.S.C. § 2244(b) for Leave to
File Second
or Successive 28 U.S.C. § 2255 Motions

_____

Argued
October 9, 2018

_____

Before: AMBRO, CHAGARES, and GREENAWAY, JR.,
*Circuit Judges*.

(Filed:  August 14, 2019)

_____

Leigh M. Skipper
Arianna J. Freeman   *[ARGUED]*
Brett G. Sweitzer
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540
West Philadelphia, PA 19106, USA
         Counsel for Petitioner in No. 16-2027 & 16-2414

Heidi Freese
Ronald A. Krauss
Federal Defender Office
for the Middle District of Pennsylvania
100 Chestnut Street

Suite 306
Harrisburg, PA 17101
Counsel for Petitioner in No. 16-2080

Richard Coughlin
Julie A. McGrain
Federal Defender Office
for the District of New Jersey
800-840 Cooper Street
Suite 350
Camden, NJ 08102
Counsel for Petitioner in Nos. 16-2273 & 16-2312

Lisa B. Freeland
Elisa A. Long
Federal Defender Office
for the Western District of Pennsylvania
1001 Liberty Avenue
Suite 1500
Pittsburgh, PA 15222
Counsel for Petitioner in No. 16-2422

William M. McSwain
Robert A. Zauzmer
Office of United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Counsel for Respondent in Nos. 16-2027 & 16-2414

David J. Freed
Stephen R. Cerutti
Office of United States Attorney

Middle District of Pennsylvania
Ronald Reagan Federal Building
Suite 220, 228 Walnut Street
Harrisburg, PA 17108
      Counsel for Respondent in No. 16-2080

Craig Carpenito
Steven G. Sanders    *[ARGUED]*
Mark E. Coyne
Office of United States Attorney
District of New Jersey
970 Broad Street
Newark, NJ 07102
      Counsel for Respondent in Nos. 16-2273 & 16-2312

Scott W. Brady
Tina O. Miller
Rebecca R. Haywood
Laura S. Irwin
Office of United States Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Western District of Pennsylvania
Pittsburgh, PA 15219
      Counsel for Respondent in No. 16-2422

_____

OPINION OF THE COURT
_____

GREENAWAY, JR., *Circuit Judge*.

This is a consolidated case involving five Petitioners—Michael Matthews, David Dupree, Sebastian Williams, Larry Smith, and Russell McNeill, III—each of whom have filed second or successive habeas petitions under 28 U.S.C. § 2255(h)(2)[1] to challenge their sentences for their convictions under 18 U.S.C. § 924(c). Each Petitioner's § 2255 motion argues that § 924(c)(3)'s residual clause is unconstitutionally vague, given its textual similarity to the residual clauses found unconstitutional by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018). In the time since this case was argued before this Court, the Supreme Court issued its opinion in *United States v. Davis*, striking down § 924(c)(3)(B) as unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). The parties concede that the petitions at issue are now timely under *Davis*, thus precluding the need for our analysis of the applicability of *Johnson* and *Dimaya* to these petitions. For the following reasons, we will authorize all of the petitions.[2]

---

[1] For ease of reference, we will refer to these simply as "§ 2255" petitions.

[2] Pending before this Court are approximately two hundred such applications that were stayed following the consolidation of these five lead applications. Pursuant to the reasoning below, we will authorize these as well.

# I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The five Petitioners in this action were convicted, among other offenses, of violating 18 U.S.C. § 924(c)(1)(A), which proscribes the use or carry of a firearm during and in relation to a "crime of violence" or "drug trafficking crime," as well as the possession of a firearm in the furtherance of any such crime.  Section 924(c)(3) defines "crime of violence" to mean a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements" clause) or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual" clause).  Under *Davis*, it is undisputed that Petitioners meet the prima facie requirements of this Circuit; therefore, we will authorize their petitions.

## A.   Michael Matthews

Michael Matthews and an accomplice planned, from about May 2009 to June 2009, to rob a check cashing store located in Philadelphia, Pennsylvania.   Matthews armed himself with a .22 caliber handgun in furtherance of, and to effect the object of, the conspiracy.  A grand jury in the Eastern District of Pennsylvania charged Matthews with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 3); one count of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 5).  On February 2,

6

2012, after a jury trial, the District Court entered judgment convicting Matthews on all counts, and sentenced him to 120 months' imprisonment, to be served concurrently on Counts 1, 3, and 5, followed by 72 months' imprisonment on the § 924(c) count (Count 4), for an aggregate sentence of 192 months' imprisonment.

Matthews appealed his judgment of conviction, and this Court affirmed. *See United States v. Matthews*, 532 F. App'x 211 (3d Cir. 2013). Matthews filed a previous 28 U.S.C. § 2255 motion, which the District Court denied on July 14, 2015. He appealed to this Court, which denied a certificate of appealability on April 5, 2016. On April 27, 2016, Matthews filed an application for authorization to file a second or successive § 2255 motion.

## B. David Dupree

David Dupree and several accomplices robbed a bank located in Lebanon, Pennsylvania on April 15, 2004. During and in relation to the bank robbery, Dupree possessed, carried, and brandished a handgun. A grand jury in the Middle District of Pennsylvania charged Dupree with one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count 1); one count of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2); and one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count 3). On November 4, 2009, after a jury trial, the District Court entered judgment convicting Dupree on all counts, and on August 6, 2010, the District Court sentenced Dupree to 248 months' imprisonment on Count 1 to be served concurrently with 60 months' imprisonment on Count 3, and a consecutive term of 84

7

months' imprisonment on the § 924(c) count (Count 2), for an aggregate sentence of 332 months' imprisonment.

Dupree appealed his judgment of conviction, and this Court affirmed. *See United States v. Dupree*, 472 F. App'x 108 (3d Cir. 2012). Dupree filed a previous 28 U.S.C. § 2255 motion that was docketed in the District Court on June 15, 2012. On October 22, 2012, the court denied the motion. That denial was vacated for procedural reasons, and the District Court again denied a renewed § 2255 motion on June 29, 2015. Dupree appealed to this Court, which denied a certificate of appealability on February 3, 2016. On April 29, 2016, Dupree filed an application for authorization to file a second or successive § 2255 motion.

## C. Sebastian Williams

Sebastian Williams and several accomplices, from March 2002 through August 2002, conspired to rob armored cars operated by a business that transported cash in such armored cars to and from various customers. On March 23, 2002, Williams and a co-conspirator, each armed with a handgun, robbed an armored truck of more than $600,000 cash, and attempted a second robbery on August 29, 2002. A grand jury in the District of New Jersey charged Williams with two counts of conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts 1 and 3); and one count of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). On March 24, 2003, after a jury trial, the District Court entered judgment convicting Williams on all counts, and on August 18, 2003, the District Court sentenced Williams to concurrent terms of 140 months' imprisonment on Counts 1 and 3 and a consecutive term of 84 months' imprisonment on

the § 924(c) count, for an aggregate sentence of 224 months' imprisonment. Williams's conviction and sentence on Count 2, the § 924(c)(1)(A)(ii) count, was premised on the District Court's determination at sentencing that he brandished the firearm.

Williams appealed his judgment of conviction. This Court upheld the convictions but vacated the sentence and remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), which rendered the once mandatory Sentencing Guidelines advisory. *See United States v. Williams*, 134 F. App'x 510 (3d Cir. 2005). On remand, the District Court re-imposed the same aggregate sentence of 224 months. Specifically, Williams was resentenced to 140 months on the conspiracy counts, to be served concurrently, and an additional term of 84 months on the § 924(c) count.

Williams filed a second appeal after his resentencing. One of the issues raised was whether his Sixth Amendment rights were violated when he was sentenced to a consecutive seven-year term of imprisonment under § 924(c)(1)(A)(ii) for brandishing the firearm. Williams contended that he should have received a five-year term instead, for mere use or carrying of a firearm, § 924(c)(1)(A)(i), as found by the jury. This Court held, based on the law at the time, that brandishing or discharging a firearm in violation of § 924(c) is a sentencing factor, rather than an element of the offense, that a judge may find to increase a mandatory minimum sentence.

Williams has filed one previous 28 U.S.C. § 2255 motion. It was denied by the District Court on July 7, 2010. He appealed to this Court, which issued an order denying a certificate of appealability on November 8, 2010. On May 10, 2016, Williams, through counsel, filed an application for

9

authorization to file a second or successive § 2255 motion, and on May 12, 2016, Williams filed a *pro se* application for authorization to file a second or successive § 2255 motion.

## D.    Larry Smith

Larry Smith and his brother robbed a gas station in Philadelphia, Pennsylvania at gunpoint in February 2003. A grand jury in the Eastern District of Pennsylvania charged Smith with one count of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. § 1951 (Count 1); one count of attempted carjacking and aiding and abetting, in violation of 18 U.S.C. § 2119 (Count 3); and two counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2 and 4). On September 29, 2003, after a jury trial, the District Court entered judgment convicting Smith on all counts. On May 7, 2004, the District Court sentenced him to 384 months' imprisonment on the two § 924(c) counts (Counts 2 and 4) plus 24 months' imprisonment for Hobbs Act robbery and carjacking (Counts 1 and 3). *See United States v. Smith*, 225 F. App'x 51, 52 (3d Cir. 2007). Smith appealed the amended judgment of conviction and this Court affirmed. *Id.* Smith filed a previous 28 U.S.C. § 2255 motion, which the District Court denied on April 22, 2009. On June 18, 2016, Smith filed an application for authorization to file a second or successive § 2255 motion.

## E.    Russell McNeill, III.

Russell McNeill, III robbed three stores and a bank over the course of three days in April 2006. A grand jury in the Western District of Pennsylvania charged McNeill with three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts 1, 3, and 5); four counts of brandishing a firearm

10

during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 2, 4, 6, and 9); one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 7); and one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count 8). On October 5, 2007, after a jury trial, the District Court entered judgment convicting McNeill on all counts, and on February 27, 2008, the District Court sentenced him to concurrent terms of 78 months' imprisonment on Counts 1, 3, 5, 7, and 8, a consecutive term of 84 months' imprisonment on the first § 924(c) count (Count 2), and 25 years' imprisonment on each of the three additional § 924(c) counts (Counts 4, 6, and 9), with each of the § 924(c) sentences to be served consecutively to one another and consecutively to the 78-month concurrent sentence on the non-§ 924(c) counts, for an aggregate sentence of 1,062 months (or 88.5 years) of imprisonment.

McNeill appealed his judgment of conviction, and this Court affirmed. *United States v. McNeill*, 360 F. App'x 363 (3d Cir. 2010). McNeill has filed one previous 28 U.S.C. § 2255 motion. On March 26, 2015, the District Court granted the motion in part and denied it in part; specifically, it vacated its sentence on Count 7 of the indictment—the bank robbery count—and denied the motion in all other respects. McNeill did not appeal. On May 16, 2016, McNeill filed an application for authorization to file a second or successive § 2255 motion.

11

## II.    **DISCUSSION**[3]

This Court need not determine the merits of Petitioners' proposed challenges to § 924(c), because the key question is whether Petitioners have made a prima facie showing that their petitions satisfy the pre-filing requirements of § 2255. *See United States v. Peppers*, 899 F.3d 211, 221 (3d Cir. 2018) (noting that "[o]ur inquiry does not go . . . deep because we are in search of a mere prima facie showing that the petitioner has satisfied the pre-filing requirements to warrant full exploration by the district court." (internal quotation marks, citations, and ellipsis omitted)).    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a statutory "gatekeeping mechanism" for a second or successive habeas petition. *In re Hoffner*, 870 F.3d 301, 306 (3d Cir. 2017) (quoting *Felker v. Turpin*, 518 U.S. 651, 657 (1996)).    Pursuant to § 2255, a petitioner's "second or successive motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals."    28 U.S.C. § 2255(h).    Section 2244 lists the pre-filing or gatekeeping requirements applicable to motions under § 2255(h)(2): (1) a petitioner must "show[] that the claim relies on a new rule of constitutional law," (2) "made retroactive to cases on collateral review by the Supreme Court," (3) "that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).

Under § 2244, petitioners must make a prima facie showing that their § 2255 motions satisfy these three

---

[3] This Court has jurisdiction over Petitioners' applications to file a second or successive petition for writ of habeas corpus under 28 U.S.C. §§ 2255(h) and 2244(b)(3).

12

requirements, which this Court has characterized as a "light burden." 28 U.S.C. § 2244(b)(3)(C); *Hoffner*, 870 F.3d at 307; *see also In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam) ("Under our precedent, a prima facie showing in this context merely means a sufficient showing of possible merit to warrant a fuller exploration by the district court.") (internal quotation marks and citations omitted). If the court of appeals authorizes the motion, the District Court will have the opportunity to "consider anew whether the petitioner" indeed meets the § 2244 requirements. *Hoffner*, 870 F.3d at 307.

The parties concede that, pursuant to *Davis*, Petitioners' claims are now timely. *See Davis*, 139 S. Ct. at 2336 ("[Section] 924(c)(3)(B) is unconstitutionally vague"). The Government argues that the Panel should nonetheless deny as futile the applications of petitioners Dupree, Smith, and McNeill because their predicate offenses qualify as crimes of violence under § 924(c)(3)(A), unlike those of petitioners Matthews and Williams, whose § 924(c) convictions were predicated on Hobbs Act conspiracies. Whether the Petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry. *See Peppers*, 899 F.3d at 226 (characterizing the determination of whether petitioner's prior felony convictions qualify under the elements clause or the enumerated offenses clause as a merits issue). Therefore, we will not foreclose as futile Petitioners' second or successive § 2255 motions because it is improper at this juncture.

### III. CONCLUSION

For the foregoing reasons, we find that Petitioners meet the gatekeeping requirements of § 2244, and we will authorize all of Petitioners' second or successive § 2255 motions.