**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2153
_____

UNITED STATES OF AMERICA

v.

MARK JORDAN,
 Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:94-cr-00524-001)
District Judge: Honorable Mitchell S. Goldberg
_____

Argued: September 13, 2023

Before: JORDAN, BIBAS, and PORTER, *Circuit Judges*

(Filed:  December 12, 2023)

Stacie M. Fahsel            **[ARGUED]**
Renee Pietropaolo
FEDERAL PUBLIC DEFENDER'S OFFICE
1001 Liberty Avenue
Pittsburgh, PA 15222
    *Counsel for Appellant*

Robert A. Zauzmer          **[ARGUED]**
U.S. ATTORNEY'S OFFICE
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
  *Counsel for Appellee*

————————

OPINION OF THE COURT

————————

BIBAS, *Circuit Judge*.

Simple questions can be hard to answer. Is armed bank robbery a crime of violence? That should be a no-brainer. But because the categorical approach applies, answering this question is far from simple. Fortunately, here, the common-sense answer is also the right one.

Mark Jordan robbed banks, sometimes while carrying a gun. Now he claims that federal armed bank robbery can be committed recklessly, so it does not count as a crime of violence under a federal gun statute. But the federal armed-bank-robbery statute is divisible into different crimes. And the specific crime that he pleaded guilty to requires purpose or knowledge, not recklessness. So we can use the modified categorical approach to get a common-sense result: armed bank robbery is a crime of violence.

We will thus affirm the District Court's denial of Jordan's motion to correct his sentence. And we hold that whenever a federal crime is predicated on committing another crime (or

2

trying or planning to), the elements of the predicate crime count as elements of the first crime too.

## I. THE ARMED BANK ROBBERIES

Jordan robbed three banks. During two of the robberies, he fired a gun to get the tellers to hand over the money. Luckily, no one was hurt.

Jordan was charged with three armed bank robberies under 18 U.S.C. §2113(d) plus two gun charges under 18 U.S.C. §924(c). The armed-bank-robbery statute punishes "use of a dangerous weapon or device" while committing or attempting to commit bank robbery or another crime under §2113(a) (or bank larceny under §2113(b)). §2113(d). The gun-crime statute punishes "any person who, during and in relation to any crime of violence … uses or carries a firearm." §924(c)(1)(A). His armed bank robberies were the qualifying crimes of violence.

Jordan pleaded guilty to all five counts and was sentenced to 318 months in prison. He later challenged this sentence by filing a motion under 28 U.S.C. §2255, but the court denied it. Then he filed a second §2255 motion, arguing that §2113(d) is not a "crime of violence" under §924(c). That is the motion we now consider.

Section 924(c)(3) defines a "crime of violence" as any felony that either:

> [*The elements clause*:] (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

3

[*The residual clause*:] (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Supreme Court invalidated the residual clause as unconstitutionally vague, leaving only the elements clause standing. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

In the District Court, Jordan faced an uphill battle. We have already held that, under the elements clause, §2113(d) is a crime of violence. *United States v. Johnson*, 899 F.3d 191, 203–04 (3d Cir. 2018). But Jordan argues that the Supreme Court abrogated that ruling in *Borden v. United States*, 141 S. Ct. 1817 (2021). *Borden* held that crimes are not "violent felonies" under the Armed Career Criminal Act (ACCA) if they can be committed recklessly. *Id.* at 1834. Because ACCA and §924(c) are worded almost identically, *Borden*'s holding applies equally to both laws. *See id.* at 1824 (noting that 18 U.S.C. §16(a), which like §2113(d) adds the phrase "or property," is "relevantly identical to ACCA's elements clause").

Jordan claims that a bank robber can violate §2113(d) recklessly, so after *Borden*, it cannot be a §924(c) crime of violence. Disagreeing, the District Court denied Jordan's §2255 motion. It reasoned that *Borden* "did not squarely overrule *Johnson*," so *Johnson* is still binding. App. 7 (brackets and internal quotation marks omitted).

The District Court had jurisdiction to consider Jordan's second §2255 motion. Because he has no new evidence, the court could consider his second or successive motion only if his

4

claim relies on a new, retroactive rule of constitutional law. 28 U.S.C. §§ 2244(b)(2)(A), (b)(4), 2255(h)(2).

It does. After the Supreme Court in *Davis* invalidated the residual clause, we gave Jordan and other similarly situated inmates permission to file second or successive § 2255 motions. *In re Matthews*, 934 F.3d 296, 298 n.2 (3d Cir. 2019). And Jordan may have been sentenced under the residual clause. That "is enough to demonstrate that his motion to correct his sentence relies on" *Davis*'s qualifying rule of constitutional law. *United States v. Peppers*, 899 F.3d 211, 224 (3d Cir. 2018). Thus, the District Court had jurisdiction over his second motion and could consider the merits. And we have jurisdiction to review that court's decision under 28 U.S.C. § 2253(a).

## II. SECTION 2113(d) IS DIVISIBLE INTO SEPARATE CRIMES

We review de novo whether § 2113(d) is a § 924(c) crime of violence. *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018). To answer that question, we must apply the categorical approach. *Id.* Under that approach, we look to whether the elements of § 2113(d) "match the elements of" § 924(c). *Mathis v. United States*, 579 U.S. 500, 504 (2016). Section 2113(d) is a crime of violence only if its elements are the same as, or narrower than, those required by § 924(c)'s elements clause. *Id.* When a statute is indivisible, defining a single crime, it fits cleanly into this classic categorical approach. *Id.* at 504–05.

But we do not always try to match all the elements in a statute. Some statutes are divisible, "list[ing] elements in the alternative, and thereby defin[ing] multiple crimes." *Id.* at 505. To figure out which of the alternative elements "was integral to the defendant's conviction," we use the modified categorical

5

approach. *Id.* We look to "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 505–06. Then we use that specific version of the crime to compare elements. *See id.* at 506.

So first, we must figure out if § 2113(d) is divisible. It is.

A criminal statute is indivisible if it "enumerates various factual means of committing a single element." *Id.* But it is divisible if it "lists multiple elements disjunctively." *Id.* Thus, much rides on the difference between elements and factual means: Elements are the "constituent parts of a crime's legal definition." *Id.* at 504 (internal quotation marks omitted). "[T]hey are what the jury must find beyond a reasonable doubt to convict the defendant" and "what the defendant necessarily admits when he pleads guilty." *Id.* By contrast, factual means are "real-world things—extraneous to the crime's legal requirements." *Id.*

It can be hard to tell whether a law lists alternative elements or factual means. To make that call, we take three steps:

- We first analyze if "the statute on its face … resolve[s] the issue." *Id.* at 518.

- If not, we then "peek at the record documents … for the sole and limited purpose of determining whether the listed items are elements of the offense." *Id.* (brackets and internal quotation marks omitted). This peek should "reveal what the prosecutor has to

(and does not have to) demonstrate to prevail." *Id.* at 519.

- Finally, we ask whether our precedents have held similar statutes divisible.

All three steps show that §2113(d) is divisible.

**A. The text of §2113(d) suggests that it is divisible**

We start with the statutory text:

Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

This crime depends on 18 U.S.C. §2113(a) and (b) to define the conduct that it bans. Ordinarily, we would begin by determining whether §2113(d) itself is divisible before moving onto the predicate crimes. But Jordan does not dispute that subsection (a) is divisible from (b). And it is. Not only are they in different subsections, but they also carry different punishments.

Section 2113(a)'s first and second paragraphs are also divisible. The first paragraph criminalizes taking money from a bank "by force and violence, or by intimidation." The second criminalizes "enter[ing] … any bank …with intent to commit … any felony … or any larceny." These two paragraphs criminalize different activities, list different elements, and have little overlap. Plus, they are divided by a semicolon, an "or," and a paragraph break. And our sister circuits agree. *See United*

*States v. Butler*, 949 F.3d 230, 234–36 (5th Cir. 2020); *United States v. Moore*, 916 F.3d 231, 238 (2d Cir. 2019); *United States v. Watson*, 881 F.3d 782, 785 n.1 (9th Cir. 2018). So not only is §2113(a) divisible from §2113(b), but §2113(a) is also internally divisible.

Section 2113(d) thus incorporates each subsection's elements. It can be violated by committing one predicate crime from a menu of options set forth in §2113(a) and (b). In other words, those subsections' elements nest within §2113(d). We have not yet decided whether such nested crimes are generally divisible. But §2113(d)'s structure suggests that it is.

A statute containing a list is indivisible when it merely "offer[s] illustrative examples." *Mathis*, 579 U.S. at 518 (internal quotation marks omitted). For instance, a statute may require the "use of a deadly weapon" as an element. *Id.* at 506 (internal quotation marks omitted). If that statute lists a "knife, gun, bat, or similar weapon," those are alternative factual means of satisfying the one deadly-weapon element. *Id.*

But §2113(d) is different. It requires the defendant to commit "any offense defined in subsections (a) and (b)." And those subsections are themselves federal crimes divisible from each other. They are not "real-world things" or "illustrative examples" like knives, guns, or bats. *Mathis*, 579 U.S. at 504, 518. So §2113(d) seems divisible into at least two crimes: §2113(d) predicated on §2113(a) and §2113(d) predicated on §2113(b).

In response, Jordan argues that §2113(d) is not worded disjunctively. It says "(a) *and* (b)" rather than "(a) *or* (b)." But this distinction makes no difference. "[A]ny offense defined in subsections (a) and (b) of this section" means the same thing as

8

"any one of the offenses defined in either subsection (a) or subsection (b)." The word "any" covers the full range of offenses, any one of which suffices. So the meaning of the sentence is disjunctive.

Jordan also notes that whether a defendant violates subsection (a) or (b), § 2113(d) prescribes the same maximum punishment. True, "[i]f statutory alternatives carry different punishments, then … they must be elements." *Mathis*, 579 U.S. at 518. But the converse is not true: even if statutory alternatives carry the same punishments, they may still be elements. So the text suggests that § 2113(d) is divisible. Even so, "the statute on its face" does not plainly "resolve the issue." *Id.*

### B. The record confirms that § 2113(d) is divisible

Because the text strongly suggests that § 2113(d) is divisible into crimes predicated on subsection (a) and those predicated on subsection (b), we turn to the record to confirm that. "[A]n indictment and jury instructions c[an] indicate, by referencing one alternative item to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." *Mathis*, 579 U.S. at 519.

The record resolves any lingering doubt: we can divide § 2113(d) into multiple crimes, each based on a different predicate crime. Jordan's § 2113(d) counts specify that he "did knowingly and unlawfully take, by force and violence, and by intimidation, … property and money, … and in doing so, did knowingly and unlawfully assault and put in jeopardy the lives of … persons by the use of a dangerous weapon." App. 18–20, 22. The first half of that charge borrows language from the first paragraph of § 2113(a), and the second half borrows from

9

§2113(d). It recites nothing from subsection (a)'s second paragraph or subsection (b). In other words, by referring to only the first paragraph of §2113(a), the indictment here treats §2113(d) as divisible.

Jordan's plea colloquy does the same. There, the district judge explained to him that the government would have to prove force, violence, or intimidation beyond a reasonable doubt. So the judge, like the indictment, treated subsection (a)'s first paragraph as setting out separate, alternative elements of §2113(d).

Plus, our circuit's model jury instructions reinforce divisibility. Though model instructions are not binding law, they are probative of trial practice. They list, as a stand-alone element, "[t]hat *(name)* used *(force and violence) (intimidation)*." Model Crim. Jury Instructions §6.18.2113D (3d Cir. 2022). Like the indictment and plea colloquy, this model instruction treats §2113(d) as divisible.

The Supreme Court has warned that we may not find a statute divisible based on record materials unless those materials "speak plainly." *Mathis*, 579 U.S. at 519. Here, they do. Every relevant document confirms that §2113(d) is divisible based on the predicate offense committed and charged.

## C. Precedent also favors divisibility

What is more, we have held a similar federal nested statute divisible. The Racketeer Influenced and Corrupt Organizations Act (RICO) criminalizes "conduct[ing] … [an] enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. §1962(c). RICO then defines

10

"racketeering" by listing many independent federal crimes as predicate acts. *See* § 1961(a). RICO, we have held, is divisible: the elements of these predicate acts are "alternative 'elements' that need to be proven beyond a reasonable doubt to sustain a conviction." *United States v. Williams*, 898 F.3d 323, 333 (3d Cir. 2018) (quoting *Mathis*, 579 U.S. at 504). In support, we explained that under the relevant model jury instruction, the prosecution must prove the predicate acts beyond a reasonable doubt. *Id.* at 333 n.42 (citing Model Crim. Jury Instructions § 6.18.1962C-6 (3d Cir. 2018), now § 6.18.1962C-7 & cmt. (3d Cir. 2021)).

Most of that reasoning applies here. Like § 1962(c), § 2113(d) is a federal nested crime that depends on committing or trying to commit predicate crimes. In both cases, the predicate crimes are defined in separate statutory subsections listing independent crimes. And for both, our model jury instructions treat the predicate crimes as independent elements that the prosecution must prove.

The minor differences between the two subsections make no difference here. It does not matter that § 1962(c), unlike § 2113(d), uses "or." Though they use different words, both subsections are disjunctive. Nor does it matter that RICO's punishments can vary based on the predicate crime. § 1963(a). The other similarities between the nested crimes outweigh these small discrepancies. So just as *Williams* held § 1962(c) divisible, we too hold § 2113(d) divisible.

In response to *Williams*, Jordan cites two cases, but neither applies. First, he notes our decision in *Hillocks v. Attorney General*, 934 F.3d 332 (3d Cir. 2019). *Hillocks* held that the

11

Pennsylvania crime of using a phone to commit a drug felony is not divisible. *Id.* at 336–37, 344. That decision postdates *Williams* yet never cites it because the parties never raised it. But if *Hillocks* conflicts with *Williams*, our prior precedent in *Williams* controls. *Pardini v. Allegheny Intermediate Unit*, 524 F.3d 419, 426 (3d Cir. 2008).

Plus, *Hillocks* addressed the divisibility of a Pennsylvania state statute whose model jury instructions do not require the jury to find a single underlying felony beyond a reasonable doubt. 934 F.3d at 342. By contrast, the model jury instructions for this federal crime require the jury to find that "one and only one underlying felony has occurred." *Id.* at 343. So here, unlike in *Hillocks*, the record clearly reveals the underlying crime charged.

Jordan also mentions another case about a Pennsylvania terroristic-threats crime. *United States v. Brown*, 765 F.3d 185, 187 (3d Cir. 2014). But Pennsylvania charging documents and plea forms do not necessarily specify the predicate crime that the defendant threatened to commit. *See United States v. Ortiz-Gomez*, 562 F.3d 683, 684–85 (5th Cir. 2009). So in *Brown*, neither the statute's text nor a "peek at the record documents" could reveal divisible elements of the state offense. *Mathis*, 579 U.S. at 518 (brackets omitted). But here, both the statute and the supporting documents do.

Plus, looking at the record in such cases does not undermine the default categorical approach. Because nested statutes like § 2113(d) are divisible into their predicates, we can look to the record just to figure out which version of the crime the defendant committed. By doing so, we do not invade the jury's

12

province or weaken a defendant's rights to fair notice in his indictment and proof beyond a reasonable doubt for his conviction. *See Mathis*, 579 U.S. at 511–12. So this peek at the facts does not trigger the fairness and constitutional concerns that motivate the categorical approach. *See Descamps v. United States*, 570 U.S. 254, 267–71 (2013).

Based on our analysis here and in *Williams*, we hold that, as a rule, federal nested crimes that depend on alternative predicate crimes are divisible. As counsel explained at argument, the federal government's standard practice is to charge the elements of the specific predicate offense and require a unanimous jury verdict beyond a reasonable doubt on those elements. That is true for conspiracies, RICO charges, continuing criminal enterprises, and the like. In each case, the government must stick with proving the particular predicate crime charged; it cannot vary from the indictment. So in such cases, the elements of the predicate crime charged become core elements of the nested crime.

\* \* \* \* \*

In short, the federal statutory text, record, and precedent all tell us that § 2113(d) is divisible. So we apply the modified categorical approach, looking at the record to figure out "what crime, with what elements," Jordan committed. *Mathis*, 579 U.S. at 505. The record here speaks clearly: Jordan took money from banks "by force and violence, and by intimidation" and "in doing so," he "assault[ed] and put in jeopardy the lives" of bank employees. App. 18–20, 22. So his § 2113(d) crimes were predicated only on the first paragraph of § 2113(a). And because the elements of that predicate crime are elements of his

13

crimes too, we must consider §2113(a) in determining whether Jordan's armed bank robberies are crimes of violence.

### III. JORDAN'S ARMED BANK ROBBERIES ARE CRIMES OF VIOLENCE

#### A. Our precedent resolves the final step of the categorical approach

Now that we have homed in on the version of §2113(d) that Jordan violated, our final step is to compare the elements of that crime with those required for §924(c). But our precedent has already done so. Five years ago, we considered whether a violation of §2113(a)'s first paragraph—Jordan's predicate crime—is a crime of violence under the Sentencing Guidelines. Applying the categorical approach, we held that it is. *Wilson*, 880 F.3d at 88.

In *Wilson*, we reasoned that "the least culpable conduct covered by that statute is unarmed bank robbery by intimidation." *Id.* at 84. That conduct "clearly does involve the 'threatened use of physical force against the person of another.'" *Id.* at 84–85 (quoting U.S.S.G. §4B1.2(a)(1)). We also emphasized that "[b]y definition, [the first paragraph of] §2113(a) requires proof that a defendant knowingly engaged in an act that would cause an ordinary bank teller to be intimidated and turn over money that the defendant knew he had no right to have." *Id.* at 87. So it does not "criminalize[ ] negligent or reckless behavior." *Id.*

*Wilson* applies equally here. The definition of a crime of violence in the Sentencing Guidelines is nearly identical to the one in §924(c)(3). Even though §924(c)(3) adds the phrase "or

14

property," that addition makes no difference. *See Borden*, 141 S. Ct. at 1824. And because §2113(a)'s first paragraph always requires purposely or knowingly threatening to use force, this version of §2113(d) predicated on it does too. So Jordan's armed bank robberies are crimes of violence.

Jordan claims that the Supreme Court in *Borden* abrogated *Wilson*. Not so. *Wilson*'s holding (that unarmed bank robbery requires purpose or knowledge) fits with *Borden*'s holding that reckless crimes cannot be crimes of violence. Jordan overreads *Borden* as creating a new understanding of mens rea. But it does not. It just lists four criminal states of mind and explains that a defendant "acts knowingly when he is aware that a *result* is practically certain to follow from his conduct." 141 S. Ct. at 1823–24 (brackets and internal quotation marks omitted; emphasis added). That fits with *Wilson*, where we explained that a robber had to act "with the knowledge that those actions would *result* in the taking of property by the use of force and violence or by intimidation." 880 F.3d at 87 (emphasis added). So *Wilson* is still good law.

As noted, we have already held that §2113(d) is a crime of violence under §924(c)'s elements clause. *Johnson*, 899 F.3d at 204. *Wilson* buttresses that holding by requiring purpose or knowledge for §2113(d) violations predicated on §2113(a)'s first paragraph, as *Borden* requires. So *Johnson*'s holding survives *Borden*. The version of §2113(d) that Jordan violated remains a §924(c) crime of violence.

**B. Our precedent forecloses Jordan's final argument**

Jordan makes one last argument: He notes that §2113(d) criminalizes "put[ting] in jeopardy the life of *any person*,"

15

including the robber himself. So it does not require using force "against the person or property *of another*," as required by the elements clause of §924(c). In *Johnson*, we did not consider or discuss this specific argument. So Jordan argues that we may rule for him on that ground. But that is not how stare decisis works.

*Johnson* is a prior precedent of this Court. We must follow it unless it can be distinguished, it is reversed en banc, or its "holding [has been] undermined by a subsequent Supreme Court case." *In re Cont'l Airlines*, 134 F.3d 536, 542 (3d Cir. 1998) (internal quotation marks omitted).

Yet none of those exceptions applies: *Johnson* answered the precise question here. We have not reversed it en banc. And Jordan's argument could have been made in *Johnson* and does not rest on an intervening Supreme Court case. So *Johnson* is still good law, and the version of §2113(d) predicated on §2113(a)'s first paragraph is still a crime of violence.

\* \* \* \* \*

Common sense wins this time: armed bank robbery is a crime of violence. The statutory text, the record, and our precedent show that § 2113(d) is a divisible statute. Whenever a federal crime is predicated on committing, attempting to commit, or conspiring to commit another crime, the elements of the particular predicate crime at issue are elements of the nested crime too. And an armed bank robbery (a § 2113(d) violation predicated on § 2113(a)'s first paragraph) always involves purposely or knowingly using, attempting to use, or threatening to use force. So even after *Borden*, this version of § 2113(d) is a crime of violence under § 924(c). We will thus affirm.